LEOPOLD ROCHMAN, Appellant, v. JESSE TUMPOWSKI and RICHARD TUMPOWSKI, Respondents.— In an action to recover damages for personal injuries resulting from alleged negligence, order denying plaintiff's motion for a preference of the trial affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

ANNIE SCHELINSKI, Also Known as ANNA SCHALINSKE, Appellant, v. CLIFFORD C. EVANS and DOROTHY EVANS, Respondents.— Order granting in part and denying in part defendants' motion to vacate portions of the judgment, etc., and granting in part and denying in part plaintiff's motion to enter final judgment pursuant to the interlocutory provisions of the judgment, etc., modified by striking out the first two decretal paragraphs and substituting in place thereof a paragraph stating that defendants' motion is in all respects denied. The order is further modified by adding a statement to the third decretal paragraph that item "2" in plaintiff's notice of motion is granted. As thus modified, the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to appellant. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur. [See *post*, p. 1117.]

ERNEST SCHWARTZ, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Action to recover on a policy of insurance for total and permanent disability and to recover a premium paid under protest. Judgment of the City Court of Mount Vernon, in favor of plaintiff, entered on the verdict of a jury, and order in so far as it denies defendant's motion to set aside the verdict and for a new trial, reversed on the law and the facts and a new trial ordered, with costs to abide the event. It was error to instruct the jury that the testimony of the private detectives should be looked upon with suspicion and distrust. While in certain divorce actions the courts have given approval to the action of the trier of the facts in looking at certain testimony with suspicion, such approval has never become a rule of law. (*Yates* v. *Yates,* 211 N. Y. 163.) The jury could properly consider the fact that the witnesses were paid for their services, although there is no presumption that they will not tell the truth. In this case the question of whether or not the plaintiff was engaged in business activities after his alleged disability is rather close, in view of the fact that on that question all plaintiff's witnesses are members of his family, and under such circumstances the error cannot be disregarded, even though no formal exception thereto was taken. Furthermore, in our opinion, the verdict is against the weight of .the evidence. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.