ERNEST SCHWARTZ, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Action to recover on a policy of insurance, for total and permanent disability and to recover premiums paid under protest. (See *Schwartz v. Prudential Ins. Co. of America*, 259 App. Div. 1052.) Judgment of the City Court of Mount Vernon in favor of plaintiff, entered on the verdict of a jury on the second trial of this action, and order denying defendant's motion to set aside the verdict and for a new trial, reversed on the facts, and a new trial ordered, with costs to the appellant to abide the event. The verdict is against the weight of evidence. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

MATILDA SHIELDS, Respondent, v. NEW YORK OIL BURNER COMPANY, INC., Appellant.— Action to recover damages for fraudulent representations claimed to have been made by defendant to induce plaintiff to purchase an oil burner and heating equipment which defendant installed in plaintiff's premises. Judgment of the County Court, Westchester County, in favor of plaintiff, reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. In our opinion there is no proof that defendant made any representation as to any existing fact. The representations upon which this action is predicated were mere promises to do certain things in the future. Mere promissory statements as to what will be done in the future cannot form the basis of an action in fraud; they must be enforced, if at all, by an action on the contract. (*Adams* v. *Gillig*, 199 N. Y. 314.) Appeal from denial of the motions made at the trial dismissed, without costs. Hagarty, Johnston and Adel, JJ., concur; Lazansky, P. J., and Carswell, J., concur in the result.

MORGAN A. WUSTER and DORIS WUSTER, Respondents, Appellants, v. WILLIAM J. LEVITT and Others, Doing Business under the Firm Name and Style of LEVITT & SONS, a Copartnership, and LEVITT & SONS, INC., Appellants, Respondents, and Others, Defendants.— Action to recover damages and for injunctions, because of water from overflowing sewers flooding plaintiffs' premises. On cross-appeal by plaintiffs, order granting motion of appellants-respondents to dismiss the first, second, fourth and fifth causes of action and denying the motion as to the third cause of action, modified on the law by denying the motion as to the first and second causes of action also, and, as thus modified, the order, in so far as appealed from, is affirmed, without costs to either party. On appeal by appellants-respondents, order, in so far as appealed from, affirmed, without costs. The first and second causes of action are not sufficient in respect of any flooding of plaintiffs' premises that occurred after the dedication to and acceptance of the street by the town. (*Board of Education, Union Free School Dist. No. 6, Town of North Hempstead* v. *Town of North Hempstead*, 259 App. Div. 733; 261 id. 1102.) We hold these two causes of action good only because paragraph 16 of the amended complaint is broad enough to admit evidence that plaintiff's premises were flooded prior to the acceptance of the street by the town, at a time when the sewer system was controlled by the appellants-respondents. In the opinion of the court the third cause of action as a pleading is sufficient. (*Bareham & McFarland, Inc.*, v. *Kane*, 228 App. Div. 396.) The time of appellants-respondents to answer is extended until ten days from the entry of the order hereon. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.