Jos. H. CARTER, INC., et al., Plaintiffs, *v.* JOSEPH H. CARTER, Defendant.

Supreme Court, Special Term, New York County, November 23, 1953.

*Healy & Fusfeld* for defendant.

*Samuel Mann* for plaintiffs.

EDER, J. Motion to dismiss the amended complaint for legal insufficiency is granted. The action is for a declaratory judgment with respect to a written agreement entered into between the planitiffs and defendant, dated December 13, 1949, a copy of which is annexed to the complaint as Exhibit 1, and is referred to as the principal agreement.

The following, in substance, is what the amended complaint sets forth: That the individual plaintiffs and defendant are the sole stockholders, directors and officers of the corporate plaintiff; that defendant is president and a director of the corporate plaintiff since 1932; that in December, 1949, plaintiffs and defendant entered into the mentioned agreement,

whereby, among other things, plaintiffs and defendant agreed to vote their stock so as to elect the individual plaintiffs and the defendant as directors, and as such directors to elect the defendant as president and the individual plaintiffs as the other officers to hold office in the manner provided by law and the company's by-laws; that so long as the individual parties were stockholders they would each receive $125 per week for services without regard to the office held by them or the duties performed by them, and that they were all to devote all of their time to the company's business.

That the certificate of incorporation as amended provides for five directors and for the unanimous consent of all directors for the transaction of corporate business; that the amended by-laws provide that the directors should in all cases act unanimously as a board and that any director might be removed with or without cause, but only by unanimous vote of the stockholders.

That the defendant was thereafter elected as director and president, and that the individual plaintiffs were elected directors and officers of the corporate plaintiff and all have continued to hold such offices to the present time.

The amended complaint further alleges that the defendant has stated he will not devote his entire time and best efforts to the corporate business, and that he conducts himself in an improper, unfaithful and unlawful manner by casual and indifferent supervision of the corporate business and absenting himself and characterizing the individual plaintiffs in disparaging terms and refusing to resign as director and president and continues to hold such offices unlawfully.

It is further averred that it was the purpose and intent of the parties to said agreement that the business be managed coequally and that the unlawful acts of the defendant in refusing to abide by the agreement constitute a breach of the agreement and misconduct in office and that the defendant has stated that he cannot be removed from office and will oppose any efforts to remove him.

Plaintiffs seek a declaratory judgment that the corporate plaintiff is under no duty to retain the defendant as an officer and director thereof upon the matters pleaded, and that the provisions of said agreement to continue the defendant in the directorate constitute an obligation to retain him only so long as he keeps the agreement on his part faithfully to act as a trustee for the stockholders.

The defendant contends that the agreement is clear and unambiguous as to the rights, duties and obligations of the

parties and needs no clarification by this court, and that for any breach thereof by the defendant the plaintiffs have full and adequate remedy provided by other forms of action.

Upon due consideration and reflection the court is inclined to concur in this premise.

As respects the right to resort to the action for a declaratory judgment, it is the established rule that it is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action and that where there is no necessity for resorting to the declaratory judgment it should not be employed (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305).

It is the view of the court that it is the situation here.

Under the allegations of the amended complaint the plaintiffs need no declaratory judgment to declare and establish their rights, for their rights are clearly defined by the agreement. It requires unanimous consent for removal of an officer or director and there is no controversy as to the validity of the agreement.

Section 9 of the Stock Corporation Law establishes the legality of an agreement between all stockholders requiring unanimous consent for stockholders or directors to act. Paragraphs (b) and (d) of subdivision 1 of said section 9 authorize certificates of incorporation to contain provisions requiring unanimous consent for stockholders and directors to act. The certificate of incorporation of the corporate plaintiff contains such provisions as does, also, the mentioned agreement between the parties.

If, as seemingly appears to be so, it is the desire and purpose of the plaintiffs to remove the defendant as president or director, they have an adequate remedy already provided for by the applicable statutes to which they must resort (*James* v. *Alderton Dock Yards, supra*).

In opposition, it is remarked that what plaintiffs really seek by the instant action is legal advice from the court as to their immunity from suit for damages for breach of contract before committing the contemplated breach. Of course, the court does not and will not give legal advice nor will it permit the utilization of the declaratory judgment action as a device to attain that end (1 Anderson on Declaratory Judgment [1951 ed.], § 3, p. 12).

As Professor Borchard points out in his interesting and instructive article on the declaratory judgment, '' The purpose of the declaratory action is the security desired by the plaintiff against the uncertainty of his rights and other jural relations due to their being questioned by the defendant or to the assertion of conflicting claims '' (28 Yale L. J., pp. 105, 109), and he

adds, quite correctly (p. 109), " It is for the court to determine whether the dispute, danger or uncertainty was of such a nature, either by reason of its source or its extent, as to justify the making of the declaration asked."

If, as plaintiffs claim, defendant has breached the mentioned agreement by failure on his part to faithfully and in good faith and fair dealing perform and discharge his obligations and duties under the contract as provided therein there are available adequate remedies provided by law, but it is not for the court to advise the plaintiffs with respect thereto.

The agreement attached to the amended complaint clearly defines the rights, duties and obligations of the parties; there is no ambiguity therein which requires clarification by a declaratory judgment and hence there is no basis for this action.

For the reasons stated, the amended complaint is dismissed. Settle order.