Froessel, J.
These are two personal injury actions arising out of the same accident. They were tried together, and the liability of appellant was clearly established. The alleged excessiveness of the jury’s verdict in each case is beyond the province of this court to review (De Casiano v. Morgan, 308 N. Y. 526; Serano v. New York Central & H. R. R. R. Co., 188 N. Y. 156, 166; Dimon v. New York Central & H. R. R. R. Co., 173 N. Y. 356, 358; Oldfield v. New York & H. R. R. Co., 14 N. Y. 310). The only question open to us is the limited one as to whether there was any error of law affecting the amount of each verdict.
In the Zipprich case, we find that no reversible error was committed in the reception of evidence as to the rearward protrusion of the disk and as to the continuance of the disability. The evidence in this record is sufficient to sustain the verdict. The judgment should be affirmed, with costs.
In the Creaser case, there was sufficient evidence to entitle the jury to find that plaintiff’s original injuries were the proximate cause of the subsequent injuries sustained, and no question is raised as to the court’s charge in this respect (Wagner v. Mittendorf, 232 N. Y. 481; see, also, Matter of Chiodo v. Newhall Co., 254 N. Y. 534). While we do not approve *181 the cautionary instructions of the trial court with respect to the testimony of the private detective (see Schwartz v. Prudential Ins. Co., 259 App. Div. 1052), in our opinion this was not prejudicial error -when read in the light of the whole charge, and particularly the subsequent instructions to which counsel took no exception (see Randall v. Packard, 142 N. Y. 47). The judgment should be affirmed, with costs.
In the Zipprich action: Conway, Ch. J., Desmond, Dye, Fuld, Van Voorhis and Burke, JJ., concur.
In the Creaser action: Conway, Ch. J., Desmond, Dye and Fuld, JJ., concur with Froessel, J.; Van Voorhis and Burke, JJ., dissent and vote to reverse and to grant a new trial upon the ground that any causal connection is purely speculative between the first and the second accidents.
In the each action: Judgment affirmed.