MICHAEL LESSIN, Respondent, v. DIRECT DELIVERY SERVICE, Appellant, et al., Defendant.— Judgment unanimously reversed, on the law and on the facts, and in the exercise of discretion, and a new trial ordered, with costs to defendant-appellant, on the ground that the verdict was grossly excessive. Assuming the medical testimony raised a question of fact with regard to the alleged injuries and their causal relation in respect of the occurrence, which was resolved in plaintiff's favor, the record does not support a verdict based on loss of earnings. Plaintiff's evidence of earnings prior to the occurrence was vague, indefinite and illusory. Plaintiff admitted he did not maintain a law office for some years prior to the occurrence. He stated that he was practicing intermittently out of his home and failed to adduce any documentary or record corroboration of his general and vague testimony of annual earnings of a couple of thousand of dollars in the years immediately preceding the occurrence. The necessity of a new trial prompts the observation that testimony of a nontreating medical expert in respect of plaintiff's past history and subjective complaints is inadmissible. (*Davidson* v. *Cornell*, 132 N. Y. 228; *Maucere* v. *Munson*, 6 A D 2d 892; *Slacke* v. *Yellow Taxi Corp.*, 260 App. Div. 1046; *Belter* v. *Van Winkle*, 234 App. Div. 886.) The verdict was so excessive, whether viewed as an evaluation of the alleged injuries or whether there is credible evidence to establish that the alleged injuries were caused by the accident, that the court does not attempt to assess a permissible maximum that could be justified. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

VACUUMATIC LTD., et al., Respondents, v. VACUUMATIC NORTH AMERICA, INC., et al., Appellants.— Order unanimously modified on the law to the extent of striking paragraph twenty-third of the complaint, and dismissing the third cause of action, and, as so modified, affirmed, with $20 costs and disbursements to the plaintiffs-respondents. (*Jos. H. Carter, Inc.* v. *Carter*, 205 Misc. 192, affd. 283 App. Div. 858.) Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

YOLANDA DUQUE DE ESTRADA GONZALEZ, Respondent, v. INDUSTRIAL BANK (OF CUBA), Appellant.— Order denying defendant's motion to vacate warrant of attachment and to set aside the service of the summons and complaint unanimously affirmed, with costs to abide the event. The grounds for decision by Special Term cannot be adopted. However, there is enough of an allegation at this stage of the proceedings to support the claim of an over-all agreement as distinguished from the sale of a draft to require defendant to be put to answer, at least, and also, perhaps, to its proof. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

In the Matter of WESLEY D. MILLER REALTY CORP. et al. v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al.— Motion for preference denied. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.