■ MONROE J. KORN, as Executor of IRVING BIENEN, Deceased, Plaintiff, v. BENJAMIN DUHL et al., Defendants. (Action No. 1.) — MONROE J. KORN, as Executor of IRVING BIENEN, Deceased, Respondent, v. LONG BEACH MEMORIAL HOSPITAL, Appellant. (Action No. 2.) — In two separate actions (denominated Action No. 1 and Action No. 2) to recover damages for personal injury and wrongful death, Long Beach Memorial Hospital (the sole defendant in Action No. 2) appeals from an order of the Supreme Court, Kings County, dated January 2, 1964 and entered on said date in Queens County, which granted plaintiff's motion for the consolidation of the two actions to the extent of directing that the two actions "be tried together without consolidation." Order reversed on the law, without costs; and plaintiff's motion denied *in toto*. Plaintiff's intestate suffered two identical falls from beds within 24 hours; the first occurred in the nursing home of the defendants in Action No. 1, and the second in the hospital of the defendant in Action No. 2. Within 24 hours after the second fall, the intestate died, allegedly as a result of injuries sustained in the two falls. CPLR 602 (subd. [a]) authorizes consolidation or joint trial when actions "involving a common question of law or fact" are presented. In the present situation there is no causality between the two accidents, however similar they may appear to be. In all probability the duties, obligations, procedures and personnel will be different and unrelated. Moreover, these separate accidents could bring to bear different standards of care to be applied to the facts and circumstances that attended each fall. Hence, it is our opinion that the order must be reversed and the motion denied as a matter of law (cf. *Pride* v. *Perras*, 6 A D 2d 842; *Abbatepaolo* v. *Blumberg*, 7 A D 2d 847). Ughetta, Acting P. J., Christ, Brennan and Hill, JJ., concur; Hopkins, J., dissents and votes to affirm the order, with the following memorandum: Both actions present a common issue of fact and law — the responsibility of each of the defendants for the death of plaintiff's intestate. The joint trial of the two actions accomplishes in effect the joinder of the defendants as successive and independent tort-feasors (cf. *Derby* v. *Prewitt*, 12 N Y 2d 100, 105–106; *Clark* v. *Halstead*, 276 App. Div. 17), a result which the plaintiff could have effected by naming them originally as parties defendant in one action (*Potter* v. *Clark*, 19 A D 2d 585; cf. *Dunnigan* v. *Syracuse Mem. Hosp.*, 19 A D 2d 944). The power of the court to direct a joint trial or the consolidation of actions is greater than the power to direct joinder of parties (*Tanbro Fabrics Corp.* v. *Beaunit Mills*, 4 A D 2d 519, 521). I see

no harm to the defendants by a joint trial, whereas I can envisage great harm to the plaintiff by separate trials, since in each action the litigating defendant will undoubtedly seek to cast blame for the wrongful death on the absent defendant. Nor, in my opinion, would a joint trial require the application of "different standards of care," as held by the majority. In every negligence case, regardless of the number of defendants or the different fact pattern applicable to each defendant, the controlling principle or test of liability remains precisely the same, namely: whether under all the conditions prevailing at the time of the accident the defendant exercised reasonable care. Here, the interests of justice and enlightened civil practice require the avoidance of a multiplicity of trials.