John R. Tenney, J.
The defendant, Firemen’s Insurance Company, has moved for summary judgment dismissing plaintiff’s complaint.
The complaint raises a novel issue under section 671 of the Insurance Law, the so-called "No-fault Law”. Concurrently, it involves an interpretation of the provisions of an insurance policy.
The facts are briefly stated. Plaintiff suffered a serious injury, was hospitalized and discharged on crutches. While at home, she fell again. The complaint is seeking payment from the medical payments provisions of the insurance policy for the second injury.
Defendant contends that the medical payments are only for injuries caused directly by an accident arising out of the use or operation of a motor vehicle. It relies on the following provisions of the policy:
"To pay all reasonable expenses * * * for the named insured * * * who sustains bodily injury * * * caused by accident, while occupying the owned automobile. ”
"The Company will pay first party benefits to reimburse for basic economic loss sustained by an eligible injured person on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle. ”
This question should be resolved in favor of the plaintiff. The no-fault threshold is $500 (§ 671, subd 4 par [b]). Any expenses which could properly be claimed in the lawsuit may be considered. It is well established that a defendant may be charged with liability for a second injury which is caused or contributed to by the original accident. (Wagner v Mittendorf, 232 NY 481; Welker v State of New York, 284 App Div 996; Zipprich v Smith Trucking Co., 2 NY2d 177.)
The no-fault law did not intend to exclude a subsequent injury and the additional expenses from its threshold requirements. If plaintiff’s cause of action could include both injuries, the total expenses must be considered. Thus, defendant would *245 be obligated to pay "first party benefits” since it is the established law of the State of New York that both of the accidents and the injuries are treated as though arising out of the use or operation of a motor vehicle.
In this case, defendant concedes, arguendo, that the previous injury contributed to the subsequent injury. Were this not so, a question of fact would exist. In any event, the expenses of the second injury could be included in determining and meeting the threshold requirements. The company is obligated to pay "first party benefits” to reimburse for economic loss in both events.