■ ALICE BRACIE, Respondent-Appellant, v YESHIVA UNIVERSITY, Appellant-Respondent and Third-Party Plaintiff. FEDERAL INSURANCE CO. et al., Third-Party Defendants. — Order, Supreme Court, New York County (Shorter, J.), entered on December 30, 1981, which, *inter alia,* granted the plaintiff's motion for summary judgment on the first cause of action asserted in the complaint and denied summary judgment on the second and third causes of action, is modified, on the law, to the extent of denying plaintiff's motion on the first cause of action, and otherwise affirmed, without costs. Plaintiff is the daughter of the late, famous artist, Arthur Szyk, and the owner of many of his works. Plaintiff agreed to loan 44 original illustrations to the defendant-appellant, Yeshiva University for an exhibition at its museum, for a period from February to June, 1979. On January 4 an agent for the defendant picked up these works of art and signed a receipt acknowledging custody thereof. It is alleged that at the close of the exhibit, three illustrations were missing. The plaintiff asserts that on June 25, 1979, the agent for defendant only returned 41 of these valuable illustrations. The director of the museum, in her affidavit, asserted that all illustrations were returned. There is no transmittal document included in the record now before this court, as there was when Yeshiva took temporary possession, to conclusively demonstrate that defendant's agent returned all or a lesser number of the illustrations. The function of this court, in reviewing an application for summary judgment, is merely to see if a substantial question of fact exists. We are not empowered to determine the issues presented by such an appeal (*Esteve v Abad,* 271 App Div 725). The issue as to who lost the three illustrations is sharply pinpointed by the personal affidavits of the parties herein. The record clearly focuses on this point and provides no answer. Since this is a threshold problem, substantial in nature, summary judgment should be denied. Concur — Murphy, P. J., Sandler, Ross and Carro, JJ.

■ MICHAEL KANTROWITZ, Appellant, v 150 GREENE STREET CORPORATION, Third-Party Plaintiff-Respondent. DRONGE & DRONGE et al., Third-Party Defendants; UNITED THREADMILLS, INC., Third-Party Defendant-Respondent-Appellant. — Order, Supreme Court, New York County (Cahn, J.), entered on April 15, 1981, which granted defendant-respondent's motion to set aside a verdict in favor of the plaintiff in the amount of $500,000 only to the extent that such verdict is excessive, unless the plaintiff stipulates to reduce said verdict to $125,000 within 30 days after the date of said order, and which denied third-party defendant-respondent-appellant's motion to set aside the verdict rendered against it, unanimously modified, on the law, the facts, and in the exercise of discretion to the extent of granting the defendant-respondent's motion to set aside the verdict as excessive unless plaintiff, within 30 days after the date of entry of this court's order, stipulates to reduce the verdict to $250,000, and, as so modified, affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be inadequate to the extent indicated. Concur — Murphy, P. J., Lupiano, Fein, Lynch and Asch, JJ.