LEE S. DALIENDO et al., Appellants, v NEAL F. JOHNSON et al., Respondents.

Second Department, June 26, 1989

## APPEARANCES OF COUNSEL

*Shapiro, Baines, Saasto & Shainwald (Paul F. McAloon* of counsel), for appellants.

*Dinkes, Mandel, Dinkes & Morelli (George Schwarz* of counsel), for respondents.

## OPINION OF THE COURT

SPATT, J.

█ In this negligence action, we are called upon to determine whether a plaintiff may defeat a motion for summary judgment grounded on the plaintiff's alleged failure to satisfy the threshold requirement of "[s]erious injury" as defined in Insurance Law § 5102 (d) by relying on injuries suffered subsequent to the automobile accident involving the defendants. We hold that the injuries suffered in a subsequent accident may be considered in determining whether the plaintiff has sustained "[s]erious injur[ies]" provided that the plaintiff establishes, prima facie, a causal relationship between the injuries sustained in the two accidents.

The plaintiff Lee S. Daliendo's affidavit and that of a physician submitted in opposition to the cross motion of the defendants Adelphi Taxi Corp. and Ann Service Corp. for summary judgment stated that as a result of a concussion suffered in the first accident involving these defendants, Mr. Daliendo suddenly blacked out while driving three days later, crashed his vehicle and sustained serious injuries. This evidence constituted a sufficient showing of a causal connection between the injuries sustained in the two accidents to withstand the cross motion for summary judgment. Since the plaintiffs have demonstrated triable issues of fact with regard to the issue of "[s]erious injur[ies]", the order granting summary judgment dismissing the complaint must be reversed.

## I

The complaint and verified bill of particulars allege that on May 7, 1983, the defendant Neal F. Johnson, while operating an automobile owned by the defendants Adelphi Taxi Corp. and Ann Service Corp., caused his vehicle to collide with a vehicle driven by the plaintiff Lee S. Daliendo and owned by his mother, the plaintiff Grace M. Daliendo. The complaint alleges that Lee S. Daliendo suffered injuries in this accident, and "[t]hat as a result of the negligence of the defendants * * * and the injuries sustained as a result thereof * * * was caused to be involved in another accident, and as a result of same, he suffered further and additional injuries".

The bill of particulars specifies the injuries to Lee S. Daliendo and asserts the following theory of fault and of the damages arising from the two accidents: "The plaintiff was involved in, and injured in, two motor vehicle collisions. The injuries inflicted on plaintiff in the first collision by reason of negligence of the defendant caused plaintiff to be involved in, and further injured in, a second motor vehicle collision".

The plaintiffs moved for summary judgment on the issue of fault in the happening of the May 7, 1983 accident, and submitted affidavits from the plaintiff Lee S. Daliendo and his passenger Tony Aleman. The affidavits averred that on May 7, 1983, Lee S. Daliendo was driving his mother's Toyota Celica, and Tony Aleman was in the front passenger's seat. While stopped for approximately 30 seconds on First Avenue in Manhattan at the intersection of 37th Street for a red light, the vehicle was struck in the rear by a taxicab owned by the defendants Adelphi Taxi Corp. and Ann Service Corp. and

operated by the defendant Neal F. Johnson, and was pushed 15 feet into the intersection. Lee S. Daliendo's affidavit also stated that as a result of the accident, he suffered serious and permanent injuries.

The defendants Adelphi Taxi Corp. and Ann Service Corp. (hereinafter the corporate defendants) opposed this motion and cross-moved for summary judgment dismissing the complaint as against them on the ground that the plaintiffs had failed to demonstrate that Lee S. Daliendo had suffered "[s]erious injur[ies]", a statutory prerequisite to the lawsuit. In opposition to the plaintiffs' motion, little was offered by the corporate defendants. The attorney stated that the defendant Johnson was no longer employed by them and that his whereabouts were unknown. The corporate defendants appended a partially unreadable unsworn statement given by Mr. Johnson to an attorney for them, indicating that the light was green and Lee S. Daliendo cut in front of him and stopped short.

In support of their cross motion for summary judgment, the corporate defendants submitted the transcript of Lee S. Daliendo's examination before trial and numerous medical reports. The reports related solely to Mr. Daliendo's medical treatment following the second accident. His testimony regarding his injuries following the first accident indicate that he suffered from headaches and dizziness. The claimed symptoms, however, were of relatively short duration and required no medication and minimal medical attention. Thus, we concur with the Supreme Court's conclusion that in the absence of the injuries resulting from the second accident, the action would be barred by the application of Insurance Law § 5102. Consequently, proof of a causal connection between the two accidents is essential to his case.

The portions of Lee S. Daliendo's examination before trial pertinent to the issue of a causal connection between the two accidents are his statements that he struck his head on the steering wheel during the first accident, experienced headaches and dizziness for the next two days and that he blacked out just before the second accident which occurred on the night of May 10, 1983. However, he further stated that as of May 10, 1983, the headaches and dizziness had stopped. A letter from Dr. Mitchell Levine, who treated Lee S. Daliendo following the second accident, stating that he "could find no objective sequela of his accident", was also submitted in support of the cross motion.

In his affidavit in opposition to the cross motion, the plaintiff Lee S. Daliendo reiterated the circumstances of the first accident and stated that on the day of that accident, he visited Dr. Michael Labate with complaints of severe headaches and dizziness, among other symptoms. Dr. Labate prescribed rest and the use of a neck brace. Mr. Daliendo described the May 10, 1983, accident as follows:

"[W]hile driving within the speed limit on Cross Bay Boulevard, Queens County, New York, I suddenly blacked out and collided with two trees, a No Parking sign, and a utility pole.

"I was not on any medication, did not take any drugs or alcohol, and never blacked out before this incident."

He was taken by ambulance to Peninsula Hospital Center, where he was admitted for injuries to his head, neck, back and left knee. The major injury concerned the left knee. In July 1983 his left leg was placed in a cast for about a month. In August 1983 a diagnosis was made of chondromalacia of the lateral femoral condyle and tibial plateau, a torn medial meniscus and arthroscopic surgery was performed in the nature of a chondroplasty and partial lateral meniscectomy. Mr. Daliendo stated that he lost a year from work and still complains of pain, swelling and weakness.

The plaintiffs also submitted the affidavit of Dr. Leonard Langman who examined Mr. Daliendo, reviewed his medical records and stated that, in his opinion, with a reasonable degree of medical certainty, Mr. Daliendo sustained a concussion in the accident of May 7, 1983, and that this injury was a "competent producing cause" of the loss of consciousness suffered just prior to the automobile accident of May 10, 1983.

The Supreme Court granted the cross motion for summary judgment, finding that the affidavit of Dr. Langman was "mere conjecture" since the doctor examined Mr. Daliendo subsequent to the second accident, did not describe the examination performed, and the affidavit contained only "conclusory assertions". The court also drew a negative inference from the plaintiffs' failure to submit an affidavit by Dr. Labate, who treated Lee S. Daliendo on one occasion between the two accidents. Having dismissed the complaint for failure to establish a "[s]erious injury", the court denied, as academic, the plaintiffs' motion for partial summary judgment on the issue of fault.

## II

There is no question that, as a matter of law, the injuries

sustained in the first accident were insufficient to establish "[s]erious injur[ies]". The headaches, pain in the left knee and elbows, chest and back were of a minor nature. Suits based on such injuries are intended to be proscribed by the No-Fault Law *(Scheer v Koubek,* 70 NY2d 678; *Licari v Elliott,* 57 NY2d 230, 239; *Grotzer v Levy,* 133 AD2d 67). On the other hand, it is equally clear that the injury to Lee S. Daliendo's left knee sustained or aggravated in the accident of May 10, 1983, was sufficiently serious to raise a triable issue as to whether it constituted a "[s]erious injury". The real issue on this appeal is whether the plaintiffs have sufficiently linked the two accidents by establishing, for the purposes of this summary judgment motion and cross motion, that the head injury sustained in the first accident was a competent producing cause of a blackout which led to the second accident. In our view, the plaintiff sustained this burden.

It is basic summary judgment law that the movant must establish its cause of action or defense sufficiently to warrant a court's directing judgment in its favor as a matter of law *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). "The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" *(Frank Corp. v Federal Ins. Co., supra,* at 967; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). Mere conclusions or unsubstantiated allegations are insufficient to raise a triable issue *(Frank Corp. v Federal Ins. Co., supra).*

Further, to grant summary judgment, it must clearly appear that no material triable issue of fact is presented. Where the court entertains any doubt as to whether a triable issue of fact exists, summary judgment should be denied *(Miceli v Purex Corp.,* 84 AD2d 562; *Moskowitz v Garlock,* 23 AD2d 943; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:1, at 424). Moreover, the burden on the court deciding this type of motion is not to resolve issues of fact or determine matters of credibility but merely to determine whether such issues exist *(Barr v County of Albany,* 50 NY2d 247; *Bronson v March,* 127 AD2d 810; *Bracie v Yeshiva Univ.,* 88 AD2d 823).

Applying these principles to this case, the corporate defendants sufficiently established the lack of a "[s]erious injury"

resulting from the first accident of May 7, 1983, which, if it were the only issue presented, would entitle them, as a matter of law, to a judgment in their favor. However, the plaintiffs have nevertheless raised material triable issues of fact which preclude summary judgment.

## III

When a person is injured by the negligence of another and, despite the exercise of ordinary and reasonable diligence in the treatment of the injuries, the individual is involved in another accident because of the injuries sustained in the first accident, the tort-feasor in the first accident is also responsible for the subsequent injuries. For example, in *Fuller v Preis* (35 NY2d 425), a wrongful death action, the decedent committed suicide seven months after an automobile accident from which he had walked away believing he was uninjured. The theory of the action was that the deceased had actually suffered head injuries which were the proximate cause of the suicide *(Fuller v Preis, supra,* at 427). Medical evidence was received that shortly after the accident, the decedent began experiencing seizures and other symptoms indicative of brain damage and was diagnosed as having suffered a subdural contusion and cerebral concussion *(Fuller v Preis, supra,* at 427-428). The Court of Appeals held that the plaintiff's evidence with respect to the cause of the suicide was sufficient to state a cause of action and thereby to withstand a motion for dismissal of the complaint.

Similarly, in *Creaser v Smith Trucking Co.* (2 NY2d 177), the Court of Appeals held that there was admitted at trial "sufficient evidence to entitle the jury to find that plaintiff's original injuries were the proximate cause of the subsequent injuries sustained" *(Creaser v Smith Trucking Co., supra,* at 180). In that case, the plaintiff suffered injuries to his right ankle, arm and shoulder as a result of the automobile accident involving the defendants. Approximately five months later, he fell and fractured his arm. Approximately one month after the fall, he developed pneumonia and a pulmonary embolism in the right lung. The plaintiff testified that the injuries sustained in the fall were caused by the previously weakened ankle, and his inability to protect himself in the fall was due to the prior injuries to the right arm. Also, there was medical testimony that the pulmonary embolism resulted from the fracture of the arm, and that the automobile accident was a

competent producing cause of all the subsequent injuries *(Creaser v Smith Trucking Co., supra,* at 178-179; *see also, Wagner v Mittendorf,* 232 NY 481 [jury verdict holding the defendant liable for a second accident affirmed where the first accident, a collision between an automobile and a motorcycle, caused a broken leg which was subsequently rebroken in a fall when the plaintiff's crutch slipped]; *Goldman v State of New York,* 28 AD2d 782 [judgment awarding damages for personal injuries suffered in three accidents where the first accident resulted in knee injuries and the subsequent injuries were suffered in falls due to the buckling of the knee]; PJI 2:306 [setting forth a charge permitting the jury to award damages for additional injuries or aggravation of the original injuries resulting from a subsequent accident if "the original injury was a substantial factor in causing the second accident"]).

This principle of law was enunciated with respect to facts similar to the case now under review in New York Jurisprudence 2d (36 NY Jur 2d, Damages, § 62, at 110), as follows: "For example, if as a result of injuries sustained through the negligence of the defendant, the plaintiff suffers a dizzy spell which results in further physical injuries, the defendant must respond in damages for both the original injuries and the consequential injuries" *(see also, Ammar v American Export Lines,* 326 F2d 955; *Cyr v Crescent Wharf & Warehouse Co.,* 211 F2d 454).

*Enslein v Hudson & Manhattan R. R. Co.* (8 Misc 2d 87, *affd on condition* 6 AD2d 833, *affd* 6 NY2d 723), is also illustrative. In that case, the plaintiff was injured in a fall on an escalator and fell again in her living room eight months later, allegedly due to a dizzy spell brought on by a concussion suffered in the first fall. Although this court overturned the trial court's finding, after a nonjury trial, that there was causal connection between the two accidents and held that the verdict was against the weight of the credible evidence, it reaffirmed the viability of the rule that, where a causal connection is proved, a tort-feasor may be held liable for the injuries resulting from both accidents. From the trial court's reported decision in *Enslein,* it does not appear that any medical evidence of a causal connection was offered by the plaintiff *(see, Enslein v Hudson & Manhattan R. R. Co., supra; see also, Pride v Perras,* 6 AD2d 842 [Nolan, P. J., concurring]; Barker, *Successive Tort-feasors,* NYLJ, Dec. 27, 1988, at 3, col 1; *cf., Korn v Duhl,* 22 AD2d 793 [lack of causality between

the two accidents cited as a basis for denial of a consolidation motion]).

■ The corporate defendants dispute the adequacy of the evidence submitted by the plaintiffs on the ground that the testimony of Dr. Langman, a nontreating physician, would not be admissible at trial. The corporate defendants' argument overstates the rule of law in New York that a nontreating physician, hired only to testify as an expert, may not state the history of an accident as related by a party or testify as to the party's medical complaints (see, Davidson v Cornell, 132 NY 228, 237-238; De Luca v Kameros, 130 AD2d 705; Nissen v Rubin, 121 AD2d 320, 321; Lessin v Direct Delivery Serv., 10 AD2d 624). This rule was designed to prevent unfair bolstering of a party's credibility and does not preclude such a witness from testifying as to a relevant medical opinion. Based on an examination of the injured party and a review of the medical records with regard to both accidents, a medical expert would be permitted to render an opinion that the injured party sustained a concussion in one accident and, as a result of that brain injury, suffered a blackout three days later. The weight of such an opinion is, of course, properly for the jury to consider. Thus, Dr. Langman's opinion would be admissible at trial, and, as a result, the plaintiffs have established material triable issues of fact as to "[s]erious injury" including (1) whether the accident on May 7, 1983 was a competent producing cause of the plaintiff Lee S. Daliendo sustaining a concussion, (2) whether he suffered a blackout on May 10, 1983, which was a cause of the second accident and his injuries sustained in that accident, (3) whether the concussion incurred in the May 7, 1983, accident was a competent producing cause of the blackout suffered by Mr. Daliendo on May 10, 1983, and (4) whether the injuries suffered in the May 10, 1983, accident constituted "[s]erious injur[ies]". Therefore, the corporate defendants' cross motion for summary judgment dismissing the complaint should have been denied.

## IV

■ We turn now to the plaintiffs' motion for partial summary judgment on the issue of fault. The proof submitted in support of that motion, viz., the affidavits from the plaintiff Lee S. Daliendo and the passenger Tony Aleman, both stating that the Daliendo vehicle was at a complete stop for approxi-

mately 30 seconds when it was struck in the rear by the vehicle owned by the corporate defendants and driven by the defendant Neal F. Johnson, was sufficient to establish as a matter of law that the defendants were solely at fault for this occurrence *(see, McCarthy v Miller,* 139 AD2d 500; *Dickens v Merritt,* 123 AD2d 738, 739; *Cohen v Terranella,* 112 AD2d 264; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833).* Compelled to lay bare their proof on this issue, the corporate defendants submitted an attorney's affirmation together with an unsworn self-serving "accident report" provided by the defendant driver to an attorney for the corporate defendants, stating that the Daliendo vehicle "cut in front" of his taxicab. The unsworn statement is incompetent inadmissible hearsay. The only information provided to the court with regard to this so-called "accident report" is the attorney's affirmation stating that this statement "was provided following the accident". Even if this "accident report" could be admitted as a business record, there is no foundation in the record to support its admissibility *(see,* CPLR 4518 [a]; *cf., Flynn v Manhattan & Bronx Surface Tr. Operating Auth.,* 94 AD2d 617, 619, *affd* 61 NY2d 769). To avoid summary judgment as to fault in this "rear end" collision case, the defendants were required to produce evidentiary proof in admissible form *(see, GTF Mktg. v Colonial Aluminum Sales, supra; Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, *supra; Mascoli v Mascoli,* 129 AD2d 778). There being no such proof, the plaintiffs' motion for partial summary judgment on the issue of fault in the happening of the May 7, 1983, accident is granted.

Accordingly, the order appealed from is reversed, on the law, the motion for partial summary judgment as to the issue of fault in the happening of the accident which occurred on May 7, 1983, is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issues of whether the plaintiff Lee S. Daliendo sustained serious injuries as a result of the accident occurring on May 7, 1983 and, if so, the damages sustained.

BRACKEN, J. P., KUNZEMAN and RUBIN, JJ., concur.

Ordered that the order is reversed, on the law, with costs payable by the defendants Adelphi Taxi Corp. and Ann Service Corp., the motion for partial summary judgment as to the issue of fault in the happening of the accident which occurred

on May 7, 1983, is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issues of whether the plaintiff Lee S. Daliendo sustained serious injuries as a result of the accident occurring on May 7, 1983, and, if so, the damages sustained.