■ THADDEUS ZAWADZKI, Individually and as Administrator of the Estate of SHEILA ZAWADZKI, Deceased, Respondent, v OVID D. KNIGHT et al., Defendants, and BIOZYME MEDICAL LABORATORIES ASSOCIATES OF MDS HEALTH GROUP, INC., Appellant. (Appeal No. 1.)—Appeal unanimously dismissed as moot without costs (see, Marine Midland Bank v Fisher, 85 AD2d 905). (Appeal from order of Supreme Court, Erie County, Gossel, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

■ THADDEUS ZAWADZKI, Individually and as Administrator of the Estate of SHEILA ZAWADZKI, Deceased, Respondent, v OVID D. KNIGHT et al., Defendants, and BIOZYME MEDICAL LABORATORIES ASSOCIATES OF MDS HEALTH GROUP, INC., Appellant. (Appeal No. 2.)—Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff commenced this action against

Biozyme Medical Laboratories Associates of MDS Health Group, Inc. and certain physicians, alleging that his decedent died of lupus at age 38 as a result of the failure of Biozyme to perform and interpret laboratory tests properly and the failure of the physicians to diagnose and treat her for lupus. Supreme Court erred in denying Biozyme's motion for summary judgment dismissing the complaint against it upon renewal and reargument of its motion. Biozyme made a prima facie showing that its test was properly performed, that it did not interpret the results, and it explained why a negative result on February 11 could be correct even though a different laboratory obtained a positive result on a different sample six weeks later. Plaintiff's attempt to raise a factual issue by an expert's conclusory affidavit is insufficient *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325).

We do not review the denial of Biozyme's motion to dismiss the cross claims against it, as the cross claims are not in the record on appeal, and the parties making the cross claims are not involved in this appeal.

All concur, except Callahan, J. P., and Balio, J., who dissent and vote to affirm in the following memorandum.

Callahan, J. P., and Balio, J. (dissenting). We dissent. In our view, Supreme Court properly denied summary judgment and we should affirm. It is well recognized that summary judgment is a drastic remedy and is rarely granted in negligence actions *(Ugarriza v Schmieder,* 46 NY2d 471, 474). A defendant seeking summary judgment must present evidence establishing that plaintiff has no cause of action *(Hayes v Riccardi,* 97 AD2d 954) and that no material and triable issue of fact is presented by the pleadings *(Walski v Forma,* 54 AD2d 776).

A review of the record clearly shows that there are triable questions of fact that preclude awarding defendant summary judgment. Even assuming that Biozyme has met its initial burden of showing entitlement to summary judgment, plaintiff has met his burden by submitting proof from his medical expert which demonstrates the viability of the theory hypothesized by the plaintiff. We must be ever mindful that in ruling on a summary judgment motion, the court may not assess credibility or weigh conflicting affidavits.

Our role is issue finding, not issue resolution. Summary relief should be denied where there is any doubt, as here, regarding the existence of a factual issue *(see, Manufacturers & Traders Trust Co. v Cottrell,* 71 AD2d 538; *Bracie v Yeshiva Univ.,* 88 AD2d 823). Since the plaintiff, as the nonmoving

party, has met his burden through an expert medical authority, summary judgment should be denied *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325). (Appeal from order of Supreme Court, Erie County, Gossel, J.—renewal.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.