■ GLENN E. MORAN et al., Respondents, v CITY OF NEW ROCHELLE INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants, et al., Defendant. (And a Third-Party Title.) (Action No. 1.) JAMES W. LADENHAUF, Respondent, v CITY OF NEW ROCHELLE INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants, et al., Defendant. (And a Third-Party Title.) (Action No. 2.)—In two related negligence actions to recover damages for personal injuries, etc., the defendants City of New Rochelle Industrial Development Agency, Fred P. Hochberg and David Hochberg appeal in Action Nos. 1 and 2 from an order of the Supreme Court, Westchester County (Ruskin, J.), dated October 10, 1989, which denied their motion for summary judgment dismissing the complaints in both actions insofar as they are asserted against them.

Ordered that the order is affirmed, with costs.

On October 9, 1983, Glenn E. Moran and James W. Ladenhauf were injured when struck by construction material

which allegedly fell from a scaffold in front of 543-549 Main Street, New Rochelle, premises owned or possessed by the appellants the City of New Rochelle Industrial Development Agency (hereinafter the City), Fred P. Hochberg, and David Hochberg. The defendant Benro Construction Corp. is alleged to have been performing construction on those premises on or prior to October 9, 1983. The appellants moved for summary judgment in Action Nos. 1 and 2, alleging that the incident actually occurred at 551-553 Main Street, the building adjacent to theirs, where construction on the building's facade was underway on the date of the accident. The appellants asserted that inasmuch as no construction was undertaken on the building owned by them until 1986, the scaffold, from which the material allegedly fell, could only have been erected on the sidewalk in front of 551-553 Main Street.

In opposition to the summary judgment motion, the plaintiffs in Action Nos. 1 and 2 offered the testimony of Thomas Cestone, an officer of the codefendant Benro Construction Corp., who observed work going on at 543-549 Main Street, and the testimony of John Heller, a witness produced by the defendant City, who stated that he believed that on October 9, 1983, facade renovation work was also being done on 543-549 Main Street. The appellants challenge the credibility of these witnesses.

The function of a reviewing court on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility but merely to determine whether such issues exist (see, Barr v County of Albany, 50 NY2d 247; Daliendo v Johnson, 147 AD2d 312, 317). Inasmuch as the evidence merely raises the question of whether facade renovation was being done at both premises, the court properly denied the appellants' request for summary judgment dismissing the complaints. Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.