■ GAIL WEITZNER et al., Appellants, v HENSINGER, INC., Defendant, and WEISBLATT ELECTRIC COMPANY, INC., et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 7, 1989, which granted the motion of the defendants Weisblatt Electric Company, Inc., and Weisblatt Elevator, Inc., division of Weisblatt Electric Company, for summary judgment dismissing the complaint insofar as asserted against them and severing the action as against the remaining defendant.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff Gail Weitzner, an employee of National Westminster Bank (hereinafter NatWest), was injured on August 27, 1984, while working in the bank vault in the course of attempting to lift by hand a teller-buggy over the lip of a dumbwaiter which had descended below the proper floor level. The dumbwaiter was used to transport money between floors of the premises. Ms. Weitzner was unable to maneuver the dumbwaiter by using the controls. She had not received any formal training in the use of the dumbwaiter. However, in the past, she had observed others using it. She claimed that after she was injured, the Head Teller was able to maneuver the dumbwaiter by pressing the "up" and "inching" buttons simultaneously. The Head Teller, on the other hand, denied that she had simultaneously pressed the two controls.

Weisblatt Electric Company, Inc., and Weisblatt Elevator, Inc., division of Weisblatt Electric Company (hereinafter Weisblatt) had contracted with NatWest to regularly and systematically inspect and maintain the mechanism on a quarterly basis. Weisblatt also agreed to make special calls on request should trouble develop, at an extra charge to NatWest.

The Supreme Court granted Weisblatt's motion for summary judgment, finding a complete absence of evidence establishing Weisblatt's notice of a defective condition. It further noted that the plaintiffs' argument that Weisblatt "had a duty to educate the bank's employees regarding operation of the dumbwaiter is without evidentiary support in the contract between the defendant and the bank".

The record supports a conclusion that the plaintiffs have failed to establish the existence of material facts of sufficient import to create triable issues of fact for trial (see, Shaw v Time-Life Records, 38 NY2d 201, 207). Mere unsubstantiated

allegations are insufficient to raise a triable issue *(see, Daliendo v Johnson,* 147 AD2d 312, 317). Accordingly, the court properly exercised its discretion in granting Weisblatt's motion for summary judgment and severing the action as against the remaining defendant. Thompson, J. P., Kunzeman, Harwood and Balletta, JJ., concur.