■ RICHARD MARTIN, Respondent, v NIAGARA FRONTIER HOCKEY CORPORATION, Also Known as BUFFALO SABRES HOCKEY TEAM, et al., Defendants, and BUFFALO GENERAL HOSPITAL, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff, formerly a hockey player for the Buffalo Sabres, alleged that Buffalo General Hospital was vicariously liable for the negligence of one of the orthopedic resident doctors during arthroscopic surgery on plaintiff's knee performed on January 2, 1981. The resident was then a first year orthopedic student resident who assisted Dr. Casagrande, the Sabres team doctor, during the surgery. Supreme Court erred in denying the hospital's motion for summary judgment.

The hospital established that the resident's only duties during the surgery were to maneuver plaintiff's leg according to Dr. Casagrande's instructions and to suture the surgical wounds in plaintiff's knee at the end of the surgery. There is no evidence that the resident was negligent in performing either function. The opinion of plaintiff's medical expert that the resident was negligent for failing to diagnose and treat the

severity of plaintiff's knee injury is conclusory and unsubstantiated by the facts *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zawadzki v Knight* [appeal No. 2], 155 AD2d 870, *affd* 76 NY2d 898; *Hugelmaier v Town of Sweden,* 144 AD2d 934, *lv dismissed* 74 NY2d 699). There is no evidence that plaintiff retained the resident to make any diagnosis, that Dr. Casagrande delegated that duty to him, that he voluntarily undertook such a duty, or that he had the training and opportunity to carry it out even if he had undertaken the task *(see, Kleinert v Begum,* 144 AD2d 645; *Burt v Lenox Hill Hosp.,* 141 AD2d 378). Accordingly, there is no triable issue of fact precluding summary judgment to the hospital. (Appeal from Order of Supreme Court, Erie County, Gossel, J.—Summary Judgment.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.