■ KAREN JOHNSON, Respondent, v ADVEST, INC., Defendant, and WALTER KRONENBERGER, Defendant-Appellant. (And Third-Party Actions.) [633 NYS2d 73] —In an action to recover damages for the alleged conversion of a brokerage account, the defendant Walter Kronenberger appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), entered July 12, 1994, as (1) upon granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against him in the total sum of $54,727.63, and (2) denied as moot his cross motion to file a late answer to the plaintiff's notice to admit.

Ordered that the order and judgment is reversed insofar as appealed from with costs, the plaintiff's motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The appellant opened a brokerage account in the plaintiff's name. The plaintiff contends that the money put into the account was a gift from the appellant, whereas the appellant asserts that he put the money into the account to hide it from his wife from whom he was obtaining a divorce. A year later, the appellant instructed the brokerage firm to close the account. When the brokerage firm sent a check payable to the plaintiff, the appellant signed her name to the check, endorsed the check to himself, and then cashed the check.

The plaintiff then commenced this action against the appellant alleging a wrongful conversion of the brokerage account. The plaintiff moved for summary judgment alleging that it was clear that the appellant signed the plaintiff's name on the

check and converted the funds for his own personal use. The court granted the plaintiff's motion for summary judgment finding that the appellant placed the money in the account for the plaintiff's benefit. We disagree and now reverse.

We conclude that there is a triable issue of fact concerning whether the money in the account belonged to the appellant or was a gift from the appellant to the plaintiff. Accordingly, the motion for summary judgment should have been denied (see generally, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067; Daliendo v Johnson, 147 AD2d 312, 317). We note that the court denied as moot the appellant's cross motion for leave to serve a late answer to a notice to admit. This motion should be addressed by the Supreme Court on remittal. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.