■ THOMAS FITZGERALD et al., Respondents, v KENNWORTH EATON, Also Known as KENNWORTH J. EATON, et al., Appel-

lants. STANLEY J. SOMER, Nonparty Appellant. [697 NYS2d 81] —In an action, *inter alia*, for the return of a down payment on a contract for the sale of real property, the defendants Kennworth Eaton a/k/a Kennworth J. Eaton and Stanley J. Somer & Associates, P. C., and nonparty Stanley J. Somer appeal (1) from an order of the Supreme Court, Suffolk County (Kitson, J.), dated May 28, 1998, which, in effect, denied the defendants' separate motions, *inter alia*, for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court, dated December 2, 1998, as granted the plaintiffs' motion for summary judgment.

Ordered that the purported appeals by nonparty Stanley J. Somer are dismissed, without costs or disbursements, as he is not aggrieved by the orders appealed from; and it is further,

Ordered that the order dated May 28, 1998, is modified by deleting therefrom the provision denying the motion of the defendant Stanley J. Somer & Associates, P. C., for summary judgment and substituting therefor a provision granting that motion; as so modified, the order is affirmed, the complaint is dismissed insofar as asserted against that appellant and the action against the remaining defendant is severed; and it is further,

Ordered that the order dated December 2, 1998, is reversed insofar as appealed from, and the plaintiffs' motion for summary judgment is denied; and it is further,

Ordered that the appellants Kennworth Eaton a/k/a Kennworth J. Eaton and Stanley J. Somer & Associates, P. C., are awarded one bill of costs.

In March 1997 the plaintiffs agreed to purchase certain real property from the defendant Kennworth Eaton. Pursuant to the contract of sale, the plaintiffs deposited the $7,200 down payment with Eaton's attorney, the defendant Stanley J. Somer & Associates, P. C. (hereinafter Somer & Associates), as escrowee. The plaintiffs commenced this action against Eaton and Somer & Associates when Somer & Associates refused to return the down payment after the plaintiffs declared Eaton to be in default of the contract of sale due to his inability to close title by the date specified in the contract.

The Supreme Court, in its order dated May 28, 1998, *inter alia*, denied the motions of both Eaton and Somer & Associates for summary judgment, and in its order dated December 2, 1998, granted the plaintiffs' summary judgment motion.

Upon review of the parties' respective papers submitted in connection with the motions for summary judgment, we find

that a question of fact exists as to which party was in default. Although the plaintiffs declared Eaton to be in default after he failed to close on October 7, 1997, as required under Paragraph 21 (b) (ii) of the contract, there was evidence in the record that Somer & Associates informed the plaintiffs' attorney prior to October 7, 1997, that Eaton was ready, willing, and able to immediately close, and that it was the plaintiffs, after failing to respond, who were in default. Accordingly, the plaintiffs' motion for summary judgment against Eaton was improperly granted (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Daliendo v Johnson,* 147 AD2d 312, 317).

The complaint should have been dismissed insofar as asserted against Somer & Associates, as it lacks any specific factual allegations of bad faith and willful disregard of any provision of the contract of sale, which specifically provided that, as the escrowee, it had the right to deposit the down payment with the Clerk of the Court at any time (*see,* CPLR 3016 [b]; *see also, Takayama v Schaefer,* 240 AD2d 21).

In light of the foregoing conclusion, we need not address the defendants' remaining contention. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.