OPINION OF THE COURT
Joseph Gerace, J.
Defendants, David R. Trusel and Westfield Memorial Hospital, Inc., move for summary judgment dismissing all claims against them in this medical malpractice action. Mr. Trusel is a physician’s assistant and the hospital is alleged to be vicariously liable for his actions.
On August 25, 1995, plaintiff, Daryl Johnson, was struck in the eye by a metal object. He was seen at 10:00 p.m. that day by Mr. Trusel at Westfield Memorial and an examination revealed blood in the anterior chamber of the eye. Mr. Trusel diagnosed a hyphema and contacted his supervising physician. He was directed to contact an ophthalmologist and he spoke to the codefendant, Dr. Myers, by telephone. He explained that he was a physician’s assistant and described his findings, including the fact that plaintiff could only see red out of the eye. Dr. Myers ordered steroid and timoptic drops and an eye patch. He also directed Mr. Trusel to have the patient follow up with another ophthalmologist at 9:00 a.m. the next morning. Mr. Trusel followed these orders and discharged the patient.
In support of the motion, Mr. Trusel submitted the affidavit of an ophthalmologist who stated that he is familiar with the rules and regulations that govern the practice of physician’s assistants in this State. Specifically, 10 NYCRR 94.2 (b) provides that:
“(b) Medical acts, duties and responsibilities performed by a registered physician’s assistant or registered specialist’s assistant must:
“(1) be assigned to him by the supervising physician;
“(2) be within the scope of practice of the supervising physician; and
“(3) be appropriate to the education, training and experience of the registered physician’s assistant or registered specialist’s assistant.”
According to defendants’ expert, the decision as to how to treat plaintiff was solely within the discretion of Dr. Myers. In effect, he stated that Mr. Trusel’s duty was to report his findings to the ophthalmologist and carry out the ophthalmologist’s orders. In addition, the expert stated that the most significant *794 complication that could have occurred during the 10 hours between plaintiffs discharge and follow-up with an ophthalmologist the next morning would have been an infection, which, according to the expert, did not occur.
In opposing the motion, plaintiffs submitted the affidavit of a physician board certified in emergency medicine. According to defendant, this physician is not licensed to practice in the State of New York. Plaintiffs’ expert did not state in his affidavit that he is familiar with the standards or regulations governing the practice of physician’s assistants in this State. According to the expert, plaintiff should have been seen on an urgent basis by an ophthalmologist and the eye should not have been patched.
These alleged deviations, however, were ordered by Dr. Myers. They were not based upon any decisions of Mr. Trusel. Nevertheless, plaintiffs’ expert opines that Mr. Trusel should have recognized that Dr. Myers’ orders deviated from the appropriate standard of care, insisted on Dr. Myers coming in to see the patient, contacted his supervising physician to assure that Dr. Myers did so, or referred the patient to the nearest center where he would be seen immediately by an ophthalmologist. The expert did not state that plaintiff developed an infection or any other complication as a result of the delay, but made the conclusory statement that “these deviations as well as others mentioned, contributed in all certainty to the unfavorable outcome of this patient and his permanent visual loss.” The expert gave no opinion as to the medical cause of the permanent visual loss or as to how Mr. Trusel’s alleged deviations contributed to that cause.
Plaintiffs’ expert seeks to hold Mr. Trusel to the same standard of care that would apply to an ophthalmologist. An ophthalmologist is a specialist, held to a higher standard of care even than an average physician. (Toth v Community Hosp., 22 NY2d 255 [1968].) A physician’s assistant has neither the training, knowledge nor, according to the regulations of this State, authority to contradict an ophthalmologist’s orders. Plaintiffs’ expert gives no factual basis to justify his conclusory statement that Mr. Trusel should have done so.
Further, plaintiffs have failed to provide expert proof that the injuries were proximately caused by the alleged deviations of Mr. Trusel. The expert’s conclusory statement to that effect is legally insufficient. (Martin v Niagara Frontier Hockey Corp., 177 AD2d 1006 [4th Dept 1991].) The opinion of defendants’ expert that plaintiffs condition was not proximately caused by Mr. Trusel’s actions is, therefore, uncontradicted.
*795 It is, therefore, ordered that the motion for summary judgment is granted; and it is further ordered that all claims against defendants, David Trusel and Westfield Memorial Hospital, Inc., are dismissed; and it is further ordered that defendants’ counsel must present to the court for filing a recital of the papers submitted by all parties, pursuant to CPLR 2219, and furnish a copy thereof to opposing counsel.