■ DONALD J. KORTHAS, JR., Respondent, v SUZUKI MOTOR COMPANY et al., Defendants, and AMERICAN SUZUKI MOTOR CORPORATION, Appellant. [735 NYS2d 322] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this products liability action seeking damages for injuries he sustained when he fell from his motorcycle. Plaintiff alleged that the accident occurred when the side stand of the motorcycle came into contact with the ground as he was negotiating a left turn. Supreme Court granted in part the motion of defendants seeking summary judgment dismissing the complaint, dismissing the complaint only to the extent that it asserted a claim for failure to warn.

We reject the contention of defendant American Suzuki Motor Corporation (Suzuki), the manufacturer of the motorcycle, that it is entitled to summary judgment dismissing the complaint in its entirety because alterations were made to the side stand warning light system on the motorcycle. A manufacturer is not liable where a modification by a third party "substantially

alters the product and is the proximate cause of plaintiff's injuries" (*Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 475). Plaintiff alleged that the motorcycle was defective when it left Suzuki's control based on, *inter alia,* the failure of the side stand to retract when it came in contact with the ground, and Suzuki failed to establish as a matter of law that the motorcycle was "safe and nondefective" when it left its control (*Dickerson v Meyer Mfg.,* 248 AD2d 970, 971; *see generally, Robinson v Reed-Prentice Div. of Package Mach. Co., supra,* at 480-481). Even if the side stand warning light system had not been altered, it would not have prevented the side stand from contacting the ground while the motorcycle was in motion and thus would not have prevented the accident from occurring (*cf., McGregor v Flexcon Co.,* 275 AD2d 1001, *lv denied* 96 NY2d 702).

Suzuki further contends that plaintiff failed to raise a triable issue of fact on the claim that it violated Federal Motor Vehicle Safety Standard (FMVSS) No. 123. That regulation requires a side stand on a motorcycle to "fold rearward and upward if it contacts the ground when the motorcycle is moving forward" (49 CFR 571.123 [S 5.2.4]). Suzuki failed to meet its initial burden on the motion, however, and thus we do not consider whether plaintiff raised a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Suzuki submitted only the conclusory opinions of its experts and therefore failed to establish that it complied with the regulation (*see, Elmer v Kratzer,* 249 AD2d 899, 901, *appeal dismissed* 92 NY2d 921; *Martin v Niagara Frontier Hockey Corp.,* 177 AD2d 1006, 1006-1007, *lv denied* 79 NY2d 760).

Finally, we reject Suzuki's contention that plaintiff's design defect claims are preempted by the National Traffic and Motor Vehicle Safety Act ([Safety Act] 49 USC § 30101 *et seq.*) and FMVSS No. 123. The Safety Act and its regulations preempt state law in the event of a conflict between the Federal and state laws, i.e., where the state law "prevent[s] or frustrate[s] the accomplishment of a federal objective [or] * * * make[s] it 'impossible' for private parties to comply with both state and federal law" (*Geier v American Honda Motor Co.,* 529 US 861, 873). Here, there is no conflict between plaintiff's State common-law claim that the motorcycle should have had an interlock mechanism or an automatic retraction system for the side stand and the requirement of FMVSS No. 123 that side stands fold rearward and upward upon contact with the ground during forward movement (*cf., Geier v American Honda Motor Co., supra,* at 874). In addition, plaintiff's common-law action

does not prevent or frustrate the accomplishment of the Federal objective in enacting FMVSS No. 123, the purpose of which "is to minimize accidents caused by operator error in responding to the motoring environment, by standardizing certain motorcycle controls and displays" (49 CFR 571.123 [S 2]). (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Gorski, JJ.