■ RAFAEL CHEVERE, Individually and as Administrator of the Estate of MANUELA CHEVERE, Deceased, Respondent, v HYUNDAI MOTOR COMPANY et al., Appellants. [774 NYS2d 6]—

Judgment, Supreme Court, Bronx County (Joseph Giamboi, J.), entered on or about May 28, 2002, which, after a jury trial, awarded plaintiff damages, unanimously affirmed, without costs.

Plaintiff was at the wheel of a 1993 Hyundai Sonata when the accident occurred that took the life of his wife. As the vehi-

cle approached an intersection at moderate speed (20 to 25 miles per hour), it was cut off by another vehicle making a left turn from the opposite direction, impacting on the driver's side. While the other occupants of plaintiff's car suffered relatively minor injuries from which they recovered completely, plaintiff's wife was not so fortunate. She had been seated upright in the front passenger seat, wearing the motorized shoulder belt but not the separate manual lap belt. Because this was an "ordinary, easily survivable" intersection collision at no more than moderate speed, the adequacy of the restraint system in plaintiff's vehicle was a crucial factor in the assessment of liability against the Hyundai defendants.

The trial court dismissed all claims related to failure to install an airbag system, based on the recent decision in *Geier v American Honda Motor Co.* (529 US 861 [2000]). The matter then went to trial on strict products liability, breach of the implied warranty of fitness, and negligence. The jury returned a verdict in plaintiff's favor on products liability and breach of warranty. The seat belt system was found to be defectively designed, and the occupant protection system was found to be unfit for its intended use, both constituting substantial factors in decedent's injury and death.

Defendants argue that the entire action should have been preempted under *Geier*, even though they had only moved for partial summary judgment on that ground. Even assuming their argument has been preserved for appellate review, *Geier* does not automatically exempt automobile manufacturers from liability whenever a federal regulation provides them with options as to the type of restraint system to be employed. Nothing in that decision bars allegations of strict products liability, breach of warranty and negligence in a state action. *Geier* precludes actions alleging a general failure to equip a vehicle properly, but does not preclude common-law claims against a manufacturer who has unreasonably opted to meet only minimum performance requirements (*see King v Ford Motor Co.*, 209 F3d 886 [6th Cir 2000], *cert denied* 531 US 960 [2000]).

Defendants further dispute the sufficiency of the evidence against them, but an examination of the record reveals ample evidence to support the jury's finding of liability in light of proof that the decedent would have survived this accident had she been utilizing a properly designed combination lap-and-shoulder-belt system. Accordingly, it cannot be found that, when viewing the evidence in the light most favorable to plaintiff, there is no valid line of reasoning and permissible inferences that could have led rational jurors to the conclusion they

reached on the basis of this record (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

We have considered defendants' remaining arguments concerning the court's rulings at trial, and find no reversible error. Concur—Buckley, P.J., Nardelli, Sullivan and Lerner, JJ.