SECOND DEPARTMENT, AUGUST, 2004

(August 2, 2004)

■ SHAUNA ALAMI, Respondent, v VOLKSWAGEN OF AMERICA, INC., Appellant. [780 NYS2d 638]—

In an action to recover damages for wrongful death, etc., the defendant appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated October 30, 2002, as denied its cross motion pursuant to CPLR 3211 (a) (2) to dismiss, for lack of subject matter jurisdiction on the ground of federal preemption, that portion of the complaint which was premised upon the defendant's failure to install a three-point lap-shoulder belt occupant restraint system in the vehicle in which the decedent was killed.

Ordered that the order is affirmed insofar as appealed from, with costs.

To the extent that the plaintiff's common-law causes of action are premised on the defendant's failure to install a three-point lap-shoulder belt occupant restraint system in the vehicle in which the decedent was killed, they may not be preempted by the National Traffic and Motor Vehicle Safety Act of 1966 (49 USC § 30101 *et seq.*) or the relevant provisions of Federal Motor Vehicle Safety Standard 208 (hereinafter FMVSS 208) (*see* 49 CFR 571.208 [S4.1.3.3]). The plaintiff pleaded and submitted proof that "special design-related circumstances" inherent in the decedent's vehicle necessitated the installation of a passenger restraint system different from the system actually

installed, notwithstanding compliance with FMVSS 208 (*cf. Geier v American Honda Motor Co.*, 529 US 861, 885 [2000]; *Hurley v Motor Coach Indus.*, 222 F3d 377, 382 [2000], *cert denied* 531 US 1148 [2001]). The plaintiff's expert opined that the structural design particulars of the decedent's car required the installation of a three-point lap-shoulder belt occupant restraint system. This raised an issue of fact as to whether this is a special design-related circumstance that is an exception to federal preemption of the plaintiff's common-law causes of action (*see Chevere v Hyundai Motor Co.*, 4 AD3d 226, 227 [2004]; *Korthas v Suzuki Motor Co.*, 289 AD2d 1093, 1094 [2001]; *cf. Hurley v Motor Coach Indus., supra; Carrasquilla v Mazda Motor Corp.*, 166 F Supp 2d 169, 177 [2001]).

Accordingly, if the plaintiff fails to prove that the special design exception exists, then the Supreme Court would be devoid of subject matter jurisdiction to consider the plaintiff's common-law causes of action. However, it properly denied the defendant's cross motion to dismiss pursuant to CPLR 3211 (a) (2) at this time (*cf. Oxford Health Plans [NY] v BetterCare Health Care Pain Mgt. & Rehab*, 305 AD2d 223, 224 [2003]). Santucci, J.P., Smith, Crane and Fisher, JJ., concur.