■ GLORIA DOOMES, Respondent, v BEST TRANSIT CORP. et al., Defendants, and WARRICK INDUSTRIES, INC., Doing Business as GOSHEN COACH, Appellant. ANA JIMINIAN, Respondent, v BEST TRANSIT CORP. et al., Defendants, and WARRICK INDUSTRIES, INC., Doing Business as GOSHEN COACH, Appellant. KELLI RIVERA, Respondent, v BEST TRANSIT CORP. et al., Defendants, and WARRICK INDUSTRIES, INC., Doing Business as GOSHEN COACH, Appellant. [890 NYS2d 526]—

In 1994, a bus driver fell asleep at the wheel while driving on a highway at approximately 60 miles per hour. The bus, which was manufactured by Warrick from a chassis produced by defendant Ford Motor Company, moved across the highway, from the right-hand lane into the passing lane and then onto the median strip and a sloping embankment before rolling over several times after the driver woke up and tried to steer the bus back to the roadway. Plaintiffs, who were among the 19 injured passengers, alleged negligence, strict products liability and breach of warranty, contending that when the driver suddenly woke up, he was unable to regain control of the bus because, with its redesigned chassis, the bus was overweight and misbalanced, with too much weight over its back. Plaintiffs also sought to hold Warrick liable on the ground of its failure to equip the bus with seatbelts to protect the passengers. Following a joint trial of the claims of some of the plaintiffs, the jury found, in part, that Warrick was liable for the accident because it lengthened the original Ford chassis and failed to install seatbelts.

Before trial, Warrick moved unsuccessfully to preclude evidence as to the alleged negligence or product defect attributed to the lack of passenger seatbelts. The National Traffic and Motor Vehicle Safety Act of 1966 (49 USC § 30101 *et seq.*) prescribes uniform national standards. When read together with the regulatory scheme prescribed by the Secretary of Transportation, as set forth in Federal Motor Vehicle Safety Standard (FMVSS) 208 (49 CFR 571.208), this standard requires manufacturers to equip vehicles with certain restraints, depending on the type, weight and age of the vehicle. This bus was governed by S4.4.2 of FMVSS 208, pursuant to which only the driver's seat was required to be fitted with a seatbelt. Although the federal enactment does preserve the right, in some instances, to a common-law remedy (49 USC § 30103 [e]), a suit alleging the failure to install airbags is preempted (*Geier v American Honda*

*Motor Co.*, 529 US 861 [2000]; *see also Chevere v Hyundai Motor Co.*, 4 AD3d 226, 227 [2004], *lv denied* 3 NY3d 612 [2004]). Similarly, the state tort law rule for which plaintiffs argue—one that effectively would require seatbelts at passenger seating positions for all buses governed by FMVSS 208—is preempted because it conflicts with the federal goal of establishing uniform standards (*see Surles v Greyhound Lines, Inc.*, 2005 WL 1703153, *6, 2005 US Dist LEXIS 45765, *17-18 [ED Tenn 2005]).

As for the weight distribution claim, not only was there no credible nonspeculative evidence concerning the vehicle's weight or its distribution, but plaintiffs' own expert engineer acknowledged that the accident was unrelated to the extension of the chassis, and admitted there was no proof it had been caused by anything other than the driver's inattentiveness. Concur—Tom, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.