■ HUGO LOPEZ, Appellant, v ALBERT OEI, Also Known as ALBERT SUHERNAN, et al., Respondents. — Order of the Supreme Court, Queens County (Lerner, J.), dated January 26, 1981, affirmed, insofar as appealed from, with $50 costs and disbursements. No opinion. The examination before trial shall proceed at the place designated in the order under review, at a time to be fixed in a written notice of not less than 10 days, to be given by defendants, or at such other time and place as the parties may agree. The physical examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by defendants, or at such other time and place as the parties may agree. Titone, J.P., Mangano, Gibbons and Thompson, JJ., concur.

■ ALBERT L. MICELI et al., Respondents, v PUREX CORPORATION, LTD., et al., Defendants, and GEORGE SENN, INC., et al., Appellants. (And Two Third-Party Actions.) — In a personal injury action based upon theories of negligence, breach of warranty and strict products liability, defendant Union Carbide Chemical and Plastics, Inc., and defendant George Senn, Inc., separately appeal from so much of an order of the Supreme Court, Nassau County (Spatt, J.), entered July 17, 1981, as denied Union Carbide's motion for summary judgment dismissing the complaint and denied George Senn, Inc.'s cross motion seeking the same relief. Order affirmed, insofar as appealed from, without costs or disbursements. " '[S]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue' (*Moskowitz v Garlock*, 23 AD2d 943, 944)" *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; see *Phillips v Kantor & Co.,* 31 NY2d 307, 311). Moreover, on a motion for summary judgment, the court's duty is merely to determine whether an issue of fact exists, not to resolve it (see *Barr v County of Albany,* 50 NY2d 247, 254). At bar, the opinion of plaintiffs' expert is based upon his examination of plaintiff Albert Miceli, his review of said plaintiff's medical history and his uncontested expertise in toxicology and internal medicine. While the precise basis for his opinion might have been more clearly articulated, it cannot be said that that opinion is so based upon speculation and conjecture that there is no doubt that there is no triable issue concerning whether Mr. Miceli has come to suffer from toxic neuropathy and whether the cause of his condition was his use of the chemical solvent methyl ethyl ketone. Damiani, J.P., Gulotta, Margett and Bracken, JJ., concur.

■ ELLA MOORE, Respondent, v CITY OF NEW YORK, Appellant. — In an action, *inter alia,* to recover damages for the alleged improper demolition of the plaintiff's building, defendant appeals from an order of the Supreme Court, Kings County (Aronin, J.), dated November 6, 1980, which granted the plaintiff's motion for leave to file a late notice of claim *"nunc pro tunc."* Order reversed, on the law, without costs or disbursements, and motion denied. Special Term was without jurisdiction to grant the plaintiff's application after the expiration of the applicable Statute of Limitations (see General Municipal Law, § 50-e, subd 5; § 50-i, subd 1; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 262-263; *Fraccola v City of Utica,* 77 AD2d 161; *Moran v City of Albany,* 73 AD2d 1010). Damiani, J.P., Gulotta, Margett and Bracken, JJ., concur.