■ SONIA ROTHBORT et al., Appellants, v S.L.S. MANAGEMENT CORP., Respondent. (And a Third-Party Title.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County

(Krausman, J.), entered February 26, 1991, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated May 13, 1991, which denied their motion for reargument.

Ordered that the appeal from the order dated May 13, 1991, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered February 26, 1991, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the plaintiffs' contention, we find that the evidence submitted in support of the defendant's motion was sufficient to warrant the granting of summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; CPLR 3212 [b]). Furthermore, the court did not err in refusing to allow the plaintiffs to obtain discovery of certain documents allegedly in the defendant's possession prior to disposing of the motion on the merits.

A party who claims ignorance of critical facts needed to defeat a motion for summary judgment *(see,* CPLR 3212 [f]) must first demonstrate that the ignorance is unavoidable, and that reasonable efforts were made to discover the facts which give rise to a triable issue *(see, Kenworthy v Town of Oyster Bay,* 116 AD2d 628, 629). Here, the plaintiffs failed to offer any evidence to dispute or impeach the evidence presented by the defendant supporting its denial of ownership or control over the premises where the accident allegedly occurred. In addition, they did not indicate what efforts, if any, were made to discover the identity of the party responsible for the maintenance of the premises *(see, Lo Breglio v Marks,* 105 AD2d 621, *affd* 65 NY2d 620).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.