■ FREDERICK M. FREESE et al., Appellants, v FREDERICK M. SCHWARTZ, Respondent. [611 NYS2d 37] —In an action, *inter alia,* to recover damages for legal malpractice, the plaintiffs

appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated November 13, 1991, which denied their motion for summary judgment, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision granting the defendant's cross motion, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The plaintiff Frederick M. Freese consulted an attorney regarding judgments entered against him and his wife. Freese also sought advice as to how to acquire real property that would not be subject to levy. Freese asserts that the attorney mistakingly advised him that judgments were only effective as liens against real property for 10 years from the date they were entered. In reliance upon the defendant's advice, Freese let a judgment stand. Freese and his wife subsequently acquired property more than 10 years after the last judgment had been entered. The property was levied upon and Freese paid that judgment. Freese and his wife brought the instant action against the defendant, claiming that if the defendant had not given erroneous advice, the property would not have been acquired, and put in jeopardy. The defendant was granted summary judgment and the complaint was dismissed on the ground that the fulfilling of a preexisting legal obligation is not a compensable damage. We disagree.

It is well established that in order for summary judgment to be properly granted, it must clearly appear that no triable issue of fact exists in the given case (see, Daliendo v Johnson, 147 AD2d 312, 317). Should any doubt exist as to whether there is a triable issue of fact, summary judgment should be denied (see, Miceli v Purex Corp., 84 AD2d 562). The court's duty is merely to determine whether an issue of fact exists, not to resolve it (see, Barr v County of Albany, 50 NY2d 247).

Here, Freese sought the advice of the defendant regarding a pending judgment. Whether the defendant's advice precluded Freese from pursuing alternative financial arrangements for the disposition of this debt, e.g., an early negotiated settlement of the judgment, or a complete discharge of the debt through bankruptcy, is a question of fact precluding summary judgment.

For these reasons, the defendant's cross motion for summary judgment is denied. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.