■ JEANETTE CRUZ, Respondent, v OTIS ELEVATOR COMPANY, Appellant. [656 NYS2d 688] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated May 21, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff was injured when an elevator which she was entering "misleveled", causing her to trip and fall. She commenced this personal injury action alleging that her injuries were caused by the defendant's negligent operation, management, maintenance, and control of the elevator.

Summary judgment should have been granted to the defendant. The evidence submitted by the defendant was sufficient to demonstrate that it did not operate, maintain, or have control over the elevator for a significant period of time prior to the plaintiff's accident. The affidavit of the plaintiff's expert merely contains speculative conclusions that upon his future examination of the elevator and pertinent records he should be able to determine that the defendant created or contributed to the defect which caused the plaintiff's accident. Such conclusory statements are not sufficient to defeat a motion for summary judgment (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533; *Zuckerman v City of New York*, 49 NY2d 557; *Terwilliger v Dawes*, 204 AD2d 433; *Wright v New York City Hous. Auth.*, 208 AD2d 327).

Furthermore, we reject the plaintiff's contention and the Supreme Court's conclusion that summary judgment was premature because discovery had not occurred. A party who claims ignorance of critical facts to defeat a motion for summary judgment (*see*, CPLR 3212 [f]) must first demonstrate that the ignorance is unavoidable and that reasonable attempts were made to discover the facts which would give rise to a triable issue (*see, Rothbort v S.L.S. Mgt. Corp.*, 185 AD2d 806; *State of New York v Wisser Co.*, 170 AD2d 918; *Kenworthy v Town of Oyster Bay*, 116 AD2d 628). Here the plaintiff failed to offer any evidence as to why she had not examined the eleva-

tor in question or any pertinent records, nor did she indicate what efforts, if any, were made to conduct this discovery prior to the defendant's motion. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.