■ LAURIANNE LUMBSY, Respondent, v GERSHWIN THEATER et al., Defendants, and MILLAR ELEVATOR IND., INC., et al., Appellants. [722 NYS2d 909] —In an action to recover damages for personal injuries, the defendants Millar Elevator Ind., Inc., Millar Elevator Service Company, Schindler Elevator Corporation, and Schindler Elevator Service d/b/a Millar Elevator Service Company, appeal from an order of the Supreme Court, Queens County (LaTorella, J.), dated July 12, 2000, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff sustained personal injuries on October 16, 1997, when she fell, allegedly as a result of a malfunctioning escalator at the defendant Gershwin Theater.

Summary judgment should have been granted to the appellants. The appellants submitted evidence sufficient to demonstrate that the escalator maintenance contract was not in effect until April 1, 1998, which was after the date of the accident. Furthermore, the Supreme Court incorrectly concluded that the motion was premature because there had been no discovery. To defeat a motion for summary judgment (*see,* CPLR 3212 [f]) a party claiming ignorance of critical facts must first demonstrate that his or her ignorance is unavoidable, and that reasonable attempts were made to discover facts which would give rise to a triable issue (*see, Cruz v Otis El. Co.,* 238 AD2d 540; *Rothbort v S.L.S. Mgt. Corp.,* 185 AD2d 806). The plaintiff failed to offer any explanation as to why she did not examine pertinent records retained by the Gershwin Theater concerning escalator maintenance at the time of her accident, nor did she indicate what efforts, if any, were made to conduct that discovery before the appellants' motion. Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.