■ CHRISTOPHER SAUNDERS, an Infant, by His Mother and Natural Guardian, SUZANNE SAUNDERS, Also Known as SUZANNE SHANKS, et al., Respondents, v ANDRE BAKER, Defendant, and MICHAEL WELLS, Appellant. [727 NYS2d 169] —In an action to recover damages for personal injuries, etc., the defendant Michael Wells appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), dated September 25, 2000, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In 1993, the infant plaintiff, Christopher Saunders, was diagnosed with lead poisoning due to the ingestion of lead paint in his home. Thereafter, the Westchester County Department of Social Services located a new apartment for him and his

family, which the Westchester County Department of Health inspected prior to occupancy and determined was lead-free. The apartment building, which was owned and managed by the appellant, was completely renovated in 1991 after a fire nearly destroyed it. All new sheetrock, doors, moldings, kitchen tiles, and bathroom tiles were installed and the building was repainted with latex paint. While residing here, the infant plaintiff's lead levels continued to fluctuate. The plaintiffs commenced this action alleging, *inter alia*, that the infant plaintiff suffered from lead poisoning as a result of exposure to lead paint in this apartment.

The appellant moved for summary judgment dismissing the complaint insofar as asserted against him. Based upon the pre-occupancy inspection and the complete renovation, he established that lead paint was not present in the apartment. Moreover, assuming there was a hazardous lead condition, there is no evidence that the appellant had either actual or constructive notice of such a condition. Therefore, the appellant made a prima facie showing of entitlement to summary judgment, which shifted the burden to the plaintiffs to demonstrate the existence of a triable issue of fact.

It was incumbent upon the plaintiffs to lay bare their proof as to the appellant's actual or constructive notice of the lead paint hazard (*see, Juarez v Wavecrest Mgt. Team,* 88 NY2d 628; *Andrade v Wong,* 251 AD2d 609; *Brown v Marathon Realty,* 170 AD2d 426). The plaintiffs incorrectly asserted that the appellant was put on notice after he was informed of the infant plaintiff's fluctuating lead levels. The infant plaintiff's lead levels do not necessarily indicate that lead was present in the apartment, because he was diagnosed with lead poisoning prior to occupying the apartment. Thus, the plaintiffs failed to meet their burden.

The plaintiffs' contention that the appellant's motion was premature because discovery had not yet been conducted is without merit. "To defeat a motion for summary judgment * * * a party claiming ignorance of critical facts must first demonstrate that his or her ignorance is unavoidable, and that reasonable attempts were made to discover facts which would give rise to a triable issue" (*Lumbsy v Gershwin Theater,* 282 AD2d 578). Here, the plaintiffs did not explain why they did not make discovery demands until after the appellant moved for summary judgment. Therefore, as they failed to establish that their ignorance was unavoidable, they could not defeat the appellant's motion by asserting that it was premature.

Accordingly, the appellant was entitled to summary judgment. O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.