Matter of Joachim v Flanzig (2004 NY Slip Op 24055)

Matter of Joachim v Flanzig

2004 NY Slip Op 24055 [3 Misc 3d 371]

February 25, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 2, 2004

[*1]
In the Matter of Edward B. Joachim et al., Individually and as Partners in the Law Firm of Joachim, Flanzig, Frommer, Flanzig & Cerrato, Esqs., Plaintiffs,
v
Sheldon Flanzig et al., Defendants.
Supreme Court, Nassau County, February 25, 2004

APPEARANCES OF COUNSEL

David Bolton, P.C., Garden City, for defendants. Joachim, Frommer, Cerrato & Levine, LLP, Garden City, for plaintiffs.

{**3 Misc 3d at 372} OPINION OF THE COURT

Leonard B. Austin, J. 
Defendants move for an order pursuant to CPLR 3124 and 3126 compelling the plaintiff Stephen Frommer to produce certain documents and to appear for a further [*2]deposition and for other discovery including the deposition of Edward Joachim. Frommer cross-moves for summary judgment on his claim that he was a 10% equity partner in the now dissolved law firm of Joachim & Flanzig.

Background

This action arises from the dissolution of the law firm of Joachim & Flanzig (J & F). The parties have stipulated that May 10, 2002 was the date that the partnership dissolved.
Edward Joachim and Sheldon Flanzig were equal equity partners in J & F for several decades.
At the heart of this aspect of this dissolution proceeding is Frommer's assertion that he was a 10% equity partner in J & F when the firm dissolved.
Frommer apparently became an equity partner in J & F as of January 1, 1995. A memo dated December 14, 1994 executed by Edward Joachim on behalf of J & F states that Frommer would be a five percent equity partner in the firm as of January 1, 1995. The memo was signed by Frommer acknowledging his interest in the firm. This memo further confirms that it was the intent of Joachim and Flanzig to increase Frommer's equity interest in the firm in the future.{**3 Misc 3d at 373}
Thereafter, Joachim, Flanzig and Frommer contemplated the formation of a limited liability partnership. Joachim, Flanzig and Frommer executed a limited liability partnership agreement dated March 16, 1996 which provided, among other things, that Frommer was to be a six percent equity partner in an entity to be known as Joachim & Flanzig, LLP.[FN*]

However, the parties never filed a certificate of limited liability partnership with the Secretary of State nor did they publish the notice as required by statute in furtherance of the fully executed agreement of March 16, 1996. (See, Partnership Law § 121-1500 [a].)
The March 16, 1996 agreement was amended by an agreement dated May 25, 1999. That portion of the earlier agreement which was not amended was specifically ratified and reaffirmed. The May 25, 1999 agreement established that Frommer is a 10% equity partner in Joachim & Flanzig. Like the March 16, 1996 agreement, a certificate of limited liability partnership reflecting the terms of this agreement was never filed with the Secretary of State or published as required by Partnership Law § 121-1500 (a).
Frommer alleges that J & F operated under the most recent agreement until the firm dissolved in 2002. He asserts that the May 25, 1999 agreement conclusively establishes that he was a 10% equity partner in J & F when it dissolved.
Frommer's assertion that he was a 10% equity partner in J & F is confirmed by Joachim.
Flanzig is the only other person with actual knowledge of Frommer's status at J & F. Unfortunately, Flanzig is in failing health and is unable to submit an affidavit in opposition to Frommer's position. Flanzig has not been deposed. Sadly, his condition is expected to deteriorate to the extent that he will never be able to provide either oral testimony or a sworn [*3]written statement contesting Frommer's claim that he was a 10% equity partner in J & F.
The opposition to Frommer's motion is based solely upon documentary evidence and the belief that further discovery will lead to evidence that Frommer was not an equity partner.
The documentary evidence upon which defendants rely consists of the tax returns of J & F and documents relating to the {**3 Misc 3d at 374}manner in which Frommer received his compensation. The income tax returns filed by J & F for the years 1998 through 2002 reflect that Joachim and Flanzig were the only partners in the firm and that they each had a 50% interest in the firm. The income tax returns for these years were signed by Joachim on behalf of the firm.
Frommer received a K-1 from J & F for the years 1996 and 1997. A K-1 is an Internal Revenue Service form which is attached to a partnership's income tax return. It is provided to a partner reflecting the partner's share of income, credits, deductions and related financial information for the partnership's tax year. This form includes the name and tax identification number of the partner and partnership, the type of partnership, the partner's percentage of profit sharing, loss sharing, ownership of capital and the partner's distributive share of the partnership's income, deductions and credits. The K-1 provides the individual partner with information to be reported on his or her personal income tax return.
For the years 1998 through 2002, Frommer's compensation from J & F was reported as W-2 wages. A W-2 is a form filed with the Internal Revenue Service by an employer and provided to an employee reporting the amount of wages paid by an employer to an employee, and the Social Security, Medicare and income taxes withheld.
Defendants assert that these documents are sufficient to raise questions of fact regarding Frommer's claim that he was an equity partner in the firm so as to require a trial.
Defendants have demanded that Frommer produce his personal income tax returns, form 1040 from 1996 to 2002, all W-2's and K-1's and 1099's received from J & F for the period 1996 through 2002, the Schedule C of his income tax return for the years 1996 through 2002 and all documents relating to retirement plans for 1996 through 2002. Frommer has refused to produce these documents. Frommer has also refused to testify about these items at his deposition.
If the court directs production of these items, defendants seek a further deposition of Frommer relating to the material contained in these documents.
Defendants also want to depose Joachim regarding Frommer's claim of partnership in J & F.{**3 Misc 3d at 375}

Discussion

A. Summary JudgmentStandard

Summary judgment is a drastic remedy which will be granted only when it is clear that there are no triable issues of fact. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Andre v Pomeroy, 35 NY2d 361 [1974]; see also, Akseizer v Kramer, 265 AD2d 356 [2d Dept 1999].)
The party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law. (Zuckerman v City of New York, 49 NY2d 557 [1980].) Once the party seeking summary judgment has made a prima facie showing of entitlement to judgment as a matter of law, the party opposing same must come forward with [*4]proof in evidentiary form establishing that triable issues of fact exist or must demonstrate an acceptable excuse of its failure to do so. (Zuckerman v City of New York, supra; Davenport v County of Nassau, 279 AD2d 497 [2d Dept 2001]; Bras v Atlas Constr. Corp., 166 AD2d 401 [2d Dept 1990].)
The party seeking summary judgment must clearly establish to the court that there are no triable issues of fact. (Leo v Gugliotta, 212 AD2d 761 [2d Dept 1995]; Daliendo v Johnson, 147 AD2d 312 [2d Dept 1989].) Summary judgment should be denied if there is any doubt as to the existence of a triable issue of fact. (Freese v Schwartz, 203 AD2d 513 [2d Dept 1994]; Miceli v Purex Corp., 84 AD2d 562 [2d Dept 1981].)
When deciding a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party and must give that party all of the reasonable inferences which can be drawn from the evidence. (Negri v Stop & Shop, 65 NY2d 625 [1985]; Louniakov v M.R.O.D. Realty Corp., 282 AD2d 657 [2d Dept 2001].)

B. Frommer's Motion for Summary Judgment

"A partnership is defined to be a contract of two of more persons, to place their money, effects, labor, or skill, or some or all of them, in lawful commerce or business, and to divide the profits and bear the loss in certain proportions." (Pattison v Blanchard, 5 NY 186, 189 [1851]; see also, Matter of Manning v Whalen, 259 App Div 490 [3d Dept 1940]; 15A NY Jur 2d, Business Relationships § 1379.)
A partnership results from an express or implied contract. (Martin v Peyton, 246 NY 213 [1927]; Partnership Law §§ 10, 11.) The rights and obligations of the partners arise from, and are {**3 Misc 3d at 376}fixed by, their agreement. (Levy v Leavitt, 257 NY 461 [1931].)
Where there is a written agreement between the parties that is clear and unambiguous and sets forth the full understanding and obligations of the parties, the agreement controls, and the court should find that a partnership exists as a matter of law. (Martin v Peyton, supra; Silverman v Caplin, 150 AD2d 673 [2d Dept 1989]; see also, Bailey v Broder, 1998 WL 13827, 1998 US Dist LEXIS 301 [SD NY, Jan. 15, 1998].)
Where the parties have entered into a clear and unambiguous agreement, parol or extraneous evidence or evidence of contemporaneous negotiations may not be admitted to vary the terms of the agreement. (Neiman v Backer, 167 AD2d 403 [2d Dept 1990]; Matter of Rosmarin, 107 AD2d 689 [2d Dept 1985].)
Significantly, defendants do not deny the terms of the 1995 memo or the 1996 or 1999 agreements. They assert that since the agreements were never filed with the Secretary of State or published as required by statute, that the limited liability partnership never came into existence and, further, that the agreements do not establish a partnership relationship among Joachim, Flanzig and Frommer. Defendants further assert that the income tax returns filed by J & F, which were signed by Joachim, which establish that Joachim and Flanzig were the sole partners in J & F, are sufficient to create questions of fact requiring a trial.
A limited liability partnership is a general partnership which acquires certain limited liability characteristics upon registration with the Secretary of State. (Partnership Law § 121-1500; see also, 16 NY Jur 2d, Business Relationships § 2271.) The primary purpose and advantage of the limited liability partnership is that upon registration the partners are not personally liable for the debts, obligations or liabilities incurred by the limited liability partnership. (Partnership Law § 26 [b], [c], [d]; 16 NY Jur 2d, Business Relationships § 2275.)
The failure to file or publish the notices required by statute prohibits the limited liability [*5]partnership from maintaining an action or special proceeding in the name of the limited liability partnership until the certificate has been filed and the notice has been published. It does not, however, affect the rights of the parties to the agreement. (Partnership Law § 121-1500 [a]; 16 NY Jur 2d, Business Relationships § 2290.)
In this case, the agreement between the parties is clear and unequivocal. The May 25, 1999 agreement states that Frommer is {**3 Misc 3d at 377}a 10% equity partner in J & F. The agreement provides that Frommer is to be allocated 10% of the profits and bear 10% of the losses.
This is not contradicted by the admissible evidence. The affirmations of David Bolton, Esq., submitted in opposition to the motion are of no probative value since he does not have personal knowledge of the facts surrounding the relationship among Joachim, Flanzig and Frommer. (See, Bras v Atlas Constr. Corp., supra; Zuckerman v City of New York, supra.)
Defendants' reliance upon ACLI Govt. Sec. v Rhoades (813 F Supp 255 [SD NY 1993]) is misplaced. ACLI Govt. Sec. deals with the burden and indicia of proof needed to establish the existence of a partnership in the absence of a written partnership agreement. In this case, the parties have a written partnership agreement. In fact, the parties have more than one partnership agreement which reenforces the view that Joachim and Flanzig intended to have Frommer as a junior partner at increasing percentages of the firm's profits and losses.
Defendants' reliance upon Partnership Law § 11 (4) is also misplaced. Partnership Law § 11 (4) creates a statutory inference that receipt of a share of the profits in a business is prima facie evidence that one is a partner. No such inference may be drawn if one receives payment of such profits as wages. (Partnership Law § 11 [4] [b].) Such an inference is unnecessary in this case since the parties have a written partnership agreement establishing Frommer's 10% equity interest in the firm.
Curiously, neither Daniel Flanzig nor Cathy Flanzig, named defendants herein and children of Sheldon Flanzig, submitted an affidavit in opposition to Frommer's motion. While they were not members of J & F, they were both associated with the firm. If they had information which would have contradicted Frommer's claim that he was an equity partner, they most certainly would have submitted same to the court. Certainly, evidence which is inadmissible at trial such as hearsay statements can be utilized to establish issues of fact to avoid summary judgment. (Levbarg v City of New York, 282 AD2d 239 [1st Dept 2001]; see generally, Phillips v Kantor & Co., 31 NY2d 307 [1972].)

C. Defendants' Cross Motion for Discovery

Defendants' assertion that they need additional discovery including the deposition of Joachim to properly oppose Frommer's motion is without merit.{**3 Misc 3d at 378}
CPLR 3212 (f) provides that summary judgment may be denied where "facts essential to justify opposition may exist but cannot then be stated." In such a case, the court may either deny the motion or direct further discovery so that the evidence needed to oppose the summary judgment can be obtained.
Mere speculation or hope that discovery will reveal material or relevant information necessary to defeat summary judgment is insufficient. The party asserting that evidence could be obtained through discovery which would defeat the summary judgment motion must demonstrate to the court a good faith factual basis for that belief. (Connecticut Indem. Co. v [*6]Travelers Ins. Co., 300 AD2d 530 [2d Dept 2002]; Cooper v 6 W. 20th St. Tenants Corp., 258 AD2d 362 [1st Dept 1999]; Cooper v Milton Paper Co., 258 AD2d 614 [2d Dept 1999].) Defendants have failed to do so.
Frommer's documented claim that he was a 10% equity partner is not going to change with a further deposition. Additional discovery of documentary evidence is not going to change Frommer's position either.
Likewise, the deposition of Joachim will not lead to the discovery of material sufficient to defeat Frommer's motion for summary judgment. Joachim has submitted both an affidavit and affirmation confirming that Frommer was a 10% equity partner in J & F. Joachim's affidavit and affirmation are both consistent with the documentary evidence, the May 25, 1999 written agreement and those which preceded it.
Defendants concede that the May 25, 1999 agreement was signed by Flanzig and that Flanzig was competent to sign the agreement when he executed it.
The affidavit of defendants' accountant to the effect that Frommer was not a partner is of no probative value. Expert testimony is admissible to help clarify issues involving professional or technical knowledge that is beyond common knowledge or experience. (Weiner v Lenox Hill Hosp., 88 NY2d 784 [1996]; De Long v County of Erie, 60 NY2d 296 [1983].) Whether a partnership relationship exists is determined by the parties' written partnership agreement (see, Martin v Peyton, supra; Silverman v Caplin, supra) or, if the parties do not have a written agreement, the intent of the parties as evidenced by objective factors such as sharing in profits and losses, exercising joint control over the business and its property and possessing an ownership interest in the partnership. (See, M.I.F. Sec. Co. v Stamm & Co., 94 AD2d 211 [1st Dept 1983], affd 60 NY2d 936{**3 Misc 3d at 379} [1983].) The determination that a partnership exists and that a person is a partner in the partnership is one for which expert opinion is not necessary notwithstanding alleged tax code violations in how the partnership and the parties conducted their internal affairs.
Before considering the opinion of an expert, the court must make a preliminary determination as to whether the person is an expert in the field in which the person is rendering an opinion. In determining if a person is an expert, the court must determine if the person has the requisite skill, training, education, knowledge and/or experience so that the opinion of the expert can be considered reliable. (Matott v Ward, 48 NY2d 455 [1979]; Miele v American Tobacco Co., 2 AD3d 799 [2d Dept 2003].) In this case, defendants' expert is an accountant. He has no legal training, education, skill, knowledge or experience. Therefore, he is not qualified to render an opinion which calls for an opinion relating to the legal relationship among Joachim, Flanzig and Frommer.
Finally, the fact that discovery has not been completed does not preclude the grant of summary judgment. (Bosio v Selig, 165 AD2d 822 [2d Dept 1990]; see also, Landes v Sullivan, 235 AD2d 657 [3d Dept 1997].) The defendants have failed to establish that there is any factual or reasonable basis to believe that additional discovery will uncover any evidence which would refute Frommer's claim that he was a partner in the Joachim & Flanzig law firm. (See, Middle Vil. Assoc. v Pergament Home Ctrs., 184 Misc 2d 552 [Sup Ct, Nassau County 2000].) Where plaintiff has made a prima facie showing of entitlement to judgment as a matter of law and defendant has offered only speculation that discovery will uncover material sufficient to defeat summary judgment, the court should grant plaintiff summary [*7]judgment. (See, Saunders v Baker, 285 AD2d 497 [2d Dept 2001]; Pineda v Kechek Realty Corp., 285 AD2d 496 [2d Dept 2001].)
Accordingly, it is ordered that defendants' motion for an order compelling Frommer to produce certain documents and to appear for a further deposition and for a deposition of Joachim is denied and it is further ordered that Frommer's motion for summary judgment on his claim that he was a 10% equity partner in the firm of Joachim & Flanzig at the time of its dissolution is granted.

Footnotes

Footnote *: Frommer submitted an unsigned copy of the March 16, 1996 limited liability partnership agreement with this motion. A fully executed copy of the agreement was provided to the court after the submission of the motion. Despite its late submission and for the sake of judicial economy, the fully executed copy of the March 16, 1996 agreement was considered by the court.