■ ALBERTA HARRIS, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Defendant, and "ARAMARK" CORPORATION, Respondent. [806 NYS2d 26]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about April 14, 2005, which granted the motion of Aramark Corporation (Aramark) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated as against Aramark.

Plaintiff claimed that she was injured when she tripped and fell on carpeting in the lobby of Lincoln Hospital that was negligently installed by Aramark. Aramark had contracted with defendant New York City Health and Hospitals Corporation to maintain the carpeting in the lobby of Lincoln Hospital and, pursuant to the contract, had replaced the carpeting on April 4, 2003, five days before the accident. Plaintiff claimed that after her foot hit a rise in the carpeting, causing her to fall, she and codefendant Health and Hospitals Corporation's security guard observed a rise in the carpeting created by two overlapping sections.

Aramark's evidence on its motion for summary judgment was insufficient to discharge its burden of establishing a prima facie lack of culpability in creating the hazardous condition; rather, its evidence, which included admissions that it installed the carpeting five days before plaintiff's fall and that the carpeting

would create a tripping hazard if installed in a manner where the sections overlapped, served to raise an issue of fact. Aramark failed to introduce any evidence refuting that its placement of the sections created the alleged hazardous condition or supporting the proposition that the position of the sections was somehow changed in the interim between placement by its employee and plaintiff's fall. Hence, Aramark failed to establish its entitlement to judgment as a matter of law by offering admissible evidentiary proof sufficient to demonstrate the absence of material issues of fact from the case, and the burden never shifted to plaintiff to offer admissible evidentiary proof demonstrating the existence of material issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), although she sufficiently did so (*see Straus v New Wah Fung Corp.*, 269 AD2d 140 [2000]). Finally, Aramark failed to demonstrate that action, or lack thereof, by codefendant Health and Hospitals Corporation in not correcting the alleged hazard was a superseding, intervening cause of plaintiff's injury such that Aramark should be relieved of liability as a matter of law (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Concur—Buckley, P.J., Saxe, Marlow, Ellerin and Williams, JJ.