■ ERIC MITCHELL, Respondent, v CITY OF NEW YORK, Defendant, and BATTERY PARK CITY AUTHORITY et al., Appellants. (And a Third-Party Action.) [815 NYS2d 55]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 22, 2005, which denied the cross motion of defendants Battery Park City Authority and Battery Park City Parks Conservancy Corporation for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint as against them dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff was working as a security guard at the premises of third-party defendant New York Mercantile Exchange, located in Battery Park City, on April 30, 1999. His duties included checking all the doors around the perimeter of the building to make sure they were locked at night.

Defendant Battery Park City Parks Conservancy is the organization that maintains all the public open spaces in Battery Park City. In April 1999, a project was underway to redesign the planters and pavement on the western side of the exterior of the Mercantile Exchange building. This project was designed

and managed by defendant Battery Park City Authority, which hired a contractor to perform the work. The contractor had commenced work on this project at the time of this incident, and had fenced off the construction area.

On the night in question, plaintiff walked through a dirt area outside the Mercantile Exchange building at the end of his first round. At that time, he saw construction materials, including stacks of bricks and wood and piles of dirt. He testified at his deposition that he believed the construction had just begun either the day of the accident or the day before, and he had previously walked in the dirt construction area adjoining the building once or twice prior to the accident. Plaintiff stated that just prior to the accident, he was walking on the dirt construction area and was going to check some doors at the back of the Mercantile Exchange building. He took one step off the dirt onto a stone or concrete recessed entrance area of the building with his left foot. As he attempted to bring his right foot onto the stone recessed area, his left foot slipped from under him and he twisted his left leg as he fell against the building.

Plaintiff testified he believed he slipped because the dirt from outside the building was on the bottom of his shoes, causing him to slip when he shifted his weight to his left foot. He made no claim that he fell because of construction debris and stated that the dirt work area was "evened" and "sandish with pebbles."

This area, from the west side of the Mercantile Exchange building to the water was public open space, owned by Battery Park City Authority and maintained by Battery Park City Parks Conservancy. However, maintenance of the stone and concrete area in front of the Mercantile Exchange building was not the responsibility of either of those named defendants.

While admitting ownership of the property where plaintiff fell, the Battery Park City defendants argued they were entitled to summary judgment because they lacked actual or constructive notice of any dangerous condition linked to the accident. Specifically, they argued there was no actual notice, since, by plaintiff's own testimony, the construction work merely created a flat or even dirt area that was easily traversed. They also denied there was constructive notice, claiming the work was recently commenced and did not create a visible or apparent defect existing for a sufficient length of time prior to the accident to permit them to discover and remedy it.

Plaintiff opposed the motion, arguing that these defendants created the dangerous condition, and that no further actual or constructive notice was required to hold them, as property

"owners," responsible for the condition of the worksite. The IAS court ruled there was a question of fact as to whether these defendants had created the dangerous condition, and denied the motion for summary judgment.

In order to make out a prima facie case of negligence in cases involving defective or dangerous conditions present on property, a plaintiff must "demonstrate either that the defendant created the alleged hazardous condition or that the defendant had actual or constructive notice of the defective condition and failed to correct it" (*Leo v Mt. St. Michael Academy*, 272 AD2d 145, 146 [2000]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Where a defendant moves for summary judgment, it has the burden in the first instance to establish, as a matter of law, that either it did not create the dangerous condition which caused the accident or that it did not have actual or constructive notice of the condition (*see Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404 [2001]).

Here, these defendants met their burden of demonstrating they neither created any hazardous condition nor have actual or constructive notice of same prior to the accident. There was no evidence of a dangerous or hazardous condition in the construction area. Furthermore, plaintiff failed to raise a triable issue of fact. His deposition testimony was clear that the construction area was level, that he traversed it prior to the accident, and that his foot slipped due to dirt on the bottom of his shoe. The Battery Park City defendants thus did not create a dangerous condition, nor could they be charged with actual or constructive notice, as there was no visible or apparent hazardous condition they could have discovered and remedied. Concur—Andrias, J.P., Saxe, Williams, Sweeny and McGuire, JJ.