■ GRACE MAYER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. R.A. GOTTLIEB, INC./SLATTERY, INC., a Joint Venture, Sued Herein as GOTTLIEB SKANSKA, INC., Third-Party Plaintiff, v SHELDON ELECTRIC CO., INC., Third-Party Defendant-Respondent. [833 NYS2d 476]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered December 16, 2005, which, in an action for personal injuries sustained when plaintiff tripped over an electric extension cord on a subway platform, granted motions by defendants Transit Authority and renovation contractor Gottlieb for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The Transit Authority showed good cause for the late filing of its motion (CPLR 3212 [a]), namely, the Clerk's rejection of its prior timely motion because of confusion over the proper caption, in part caused by plaintiff. Nor should the motion have been denied under CPLR 3212 (f) because of any lack of opportunity for plaintiff to take the deposition of third-party defendant Sheldon Electric, a subcontractor joined by Gottlieb after plaintiff had filed a note of issue. Although Sheldon's role in the project was made known to plaintiff at Gottlieb's deposition, she did not seek nonparty disclosure from it or attempt to bring it into the action, but instead proceeded to file a note of issue (*see Rothbort v S.L.S. Mgt. Corp.*, 185 AD2d 806 [1992]). On the merits, plaintiff failed to rebut defendants' prima facie showing that they did not create or have actual or constructive notice of the extension cord over which she tripped (*see Mitchell v City of New York*, 29 AD3d 372, 374 [2006]). Plaintiff's assertion that defendants must have placed the cord on the platform because it was there when she fell is mere speculation, particularly given defendants' showing that no work had been performed on the day of the accident, Presidents' Day, or on the two prior days (*see Ruisi v Frank's Nursery & Crafts*, 272 AD2d 314 [2000]). The doctrine of res ipsa loquitur is inapplicable (*see Marszalkiewicz v Waterside Plaza, LLC*, 35 AD3d 176, 177 [2006]). Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.