■ EMILY RIVERA, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant and Third-Party Plaintiff-Appellant. GAZEBO CONTRACTING, INC., Third-Party Defendant-Respondent. [870 NYS2d 241]—

The speed bump is located on a pedestrian walkway leading from the front door of the building where plaintiff's sister lives. Although it was nighttime when plaintiff exited the building, the lights in the building's hallway were on, as were nearby street lights. Defendant established its prima facie entitlement to summary judgment by showing that the speed bump was plainly observable and did not pose any danger to someone making reasonable use of his or her senses. A photograph of the scene depicts a speed bump spanning the width of the walkway plainly visible in the illumination cast by two nearby street lights (*see Tagle v Jakob*, 97 NY2d 165, 169-170 [2001]; *Garrido v City of New York*, 9 AD3d 267 [2004]). In opposition, plaintiff failed to adduce evidence sufficient to raise an issue of fact as to the existence of a dangerous or defective condition on the walkway (*see Bastone v 1144 Yonkers Ave.*, 266 AD2d 327 [1999], *lv denied* 97 NY2d 605 [2001]; *Delia v 1586 N. Blvd. Co., LLC*, 27 AD3d 269 [2006]). The third-party complaint for common-law and contractual indemnification was properly dismissed on a finding that third-party defendant contractor never performed any work on the speed bump. Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ.