Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about August 13, 2008, which granted defendant’s motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Plaintiff seeks damages for injuries she sustained after tripping and falling over a garden hose that had been placed across the sidewalk in front of a building managed by defendant. Even assuming that the deposition testimony and photographs suggesting the hose was clearly visible from all directions compels the conclusion as a matter of law that the hazard was open and obvious (see Tagle v Jakob, 97 NY2d 165, 169 [2001]), the question remains whether defendant breached its duty to maintain the premises in a reasonably safe condition (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 72-73 [2004]).
We find that the hose stretching across the sidewalk constituted a tripping hazard (see e.g. Harris v New York City Health & Hosps. Corp., 24 AD3d 164 [2005] [overlapping sections of *848 carpet]; Westbrook at 75 [‘Tone 10-to-12-inch-high box in a supermarket aisle”]). Eric Harvey, who witnessed the accident, testified that the hose was stretched across the sidewalk at 8:30 a.m. when he came downstairs from his apartment. Plaintiffs verified bill of particulars and defendant’s complaint report fix the time of the accident at 9:10 a.m. and 9:12 a.m. respectively. Therefore, there is a basis for Harvey’s estimate that the hose had been on the sidewalk for approximately 30 minutes before the accident. Here, there exists a triable issue of fact as to whether the hose had been on the sidewalk for a sufficient length of time prior to the accident so as to permit its discovery and removal by defendant. Gordon v American Museum of Natural History (67 NY2d 836 [1986]), which the dissent cites, is distinguishable because in that case there was no evidence that anyone observed the dangerous condition prior to the accident (see e.g. Villaurel v City of New York, 59 AD3d 709, 711-712 [2009], lv denied 13 NY3d 704 [2009]). Defendant presented no evidence as to whether it had inspected or watered the area since the day before the accident, when its maintenance person was on duty. Concur—Saxe, J.P., Moskowitz, DeGrasse and Abdus-Salaam, JJ.
Catterson, J., dissents in a memorandum as follows: I must respectfully dissent because, in my opinion, 30 minutes is not sufficient time for the defendant to have had constructive notice of the alleged hazardous condition of a garden hose stretched across a walkway on a 300-acre property. Therefore, I would affirm the order granting the defendant summary judgment and dismissing the complaint.
The following facts are undisputed: On or about August 3, 2005, at approximately 10:00 a.m., 74-year-old plaintiff Margaret Sweeney tripped and fell over a green garden hose that stretched across a cement sidewalk in Co-Op City in the Bronx. The residential community comprises 35 high-rise buildings, and seven townhouse clusters, located on 300 acres. The defendant, Riverbay Corporation, is the owner and manager of Co-Op City, and is responsible for the maintenance of the community..
At deposition, Sweeney testified that she noticed rotating sprinklers, to which the hose was attached. She also testified that although it was a dry and clear day, the sidewalk was wet from the spray of the sprinklers. At the time that Sweeney fell she was wearing flat shoes and carrying a purse. There was no one walking on the sidewalk. Sweeney asserts that she had an unobstructed view of the path in front of her and that she had no trouble with her vision, but claims that she did not see the hose before she tripped over it. She stated that it was only when she looked back, she saw that the hose was “spirally.”
*849 Eric Harvey, also a resident of Co-Op City, testified at deposition that he witnessed the accident from approximately 30 to 40 feet away. Harvey, an off-duty police officer, first swore in an affidavit prepared by the plaintiffs counsel that he saw the hose lying across the sidewalk about a half hour before the accident, but he did not inform any Riverbay worker about the presence of the hose. He also stated that the hose was the type which he has seen used by Riverbay. However, at his deposition, he testified that he was unfamiliar with the type of hose used by Riverbay and that he was not sure he saw the hose a full 30 minutes before the accident. Rather, he testified only that the hose may have been there a “little while.”
Osborne Pearson, the grounds maintenance supervisor for Riverbay, testified at deposition that neither the hose nor the sprinkler was owned by Riverbay. Mr. Pearson also testified that no Riverbay employee was assigned to any watering duties on the morning of the accident. He stated that Riverbay uses only straight stretch hoses, not coil and that Riverbay has a policy of ensuring that at least one maintenance person is present when a hose is running across the sidewalk. He further testified that while watering, the maintenance crew generally uses a caution sign or a cone. Mr. Pearson did not know how long the hose had been lying on the sidewalk prior to the accident.
Upon completion of discovery, the defendant moved for summary judgment. The court below granted the motion and dismissed the complaint finding that the hose stretched across the sidewalk was “easily observable” and thus “open and apparent.” As such, the court found it did not constitute a “dangerous hazard.” I would affirm, but for different reasons.
A court may conclude that a risk was open and obvious, as a matter of law, if the established facts compel such a conclusion on the basis of clear and undisputed evidence. (Tagle v Jakob, 97 NY2d 165, 169 [2001].) A danger is considered open and obvious if it would be seen by any passerby reasonably using his or her senses. {Tagle, 97 NY2d at 170.) The photographs of the hose taken on the day of the accident depict its open and obvious nature. The plaintiff had an unobstructed view of the sidewalk. Also, the hose could be seen from 25 feet away and was raised and coiled, rather than flat on the ground. The presence of the sprinklers and the fact that the sidewalk was-sodden on a sunny day are further evidence that any person reasonably using his or her senses would have been aware of the hose.
However, this does, not end the inquiry since it is well settled that an open and obvious condition only relieves the property owner of the duty to warn. The property owner still has a duty *850 to maintain his or her property in a reasonably safe condition, (See Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71-73 [1st Dept 2004]; Meola v Metro Demolition Contr. Corp., 309 AD2d 653, 654 [1st Dept 2003], lv denied 2 NY3d 706 [2004]; MacDonald v City of Schenectady, 308 AD2d 125, 127 [3d Dept 2003].)
I would agree with the motion court that the garden hose was not inherently dangerous. The circumstances of this case are more analogous, in my opinion, to those found in Rivera v City of New York (57 AD3d 281 [1st Dept 2008]) than in Westbrook on which the majority relies. In Rivera, this Court found no dangerous condition when plaintiff fell over a plainly visible and illuminated speed bump spanning the width of the walkway. In Westbrook, the plaintiff tripped over a box while rounding a corner in a grocery store, and this Court found the plaintiff could have overlooked the hazard. (See Westbrook, 5 AD3d at 75.)
Even assuming arguendo that the hose constituted a dangerous condition, it is well settled that the existence of a defective or dangerous condition does not in and of itself give rise to a cause of action in negligence. (Lewis v Metropolitan Transp. Auth., 99 AD2d 246 [1st Dept 1984], affd 64 NY2d 670 [1984].) As the defendant correctly asserts, it is incumbent on the plaintiff to show that either the defendant created the dangerous condition or had actual or constructive notice of the condition in order for the plaintiff to make out a prima facie case of negligence. (See Piacquadio v Recine Realty Corp., 84 NY2d 967 [1994]; Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Mitchell v City of New York, 29 AD3d 372 [1st Dept 2006].) In my opinion the plaintiff, in this case, has failed to raise any issues of fact to rebut the defendant’s showing that it neither created the condition nor had actual or constructive notice of it.
The plaintiff simply has not controverted the testimony of Mr. Pearson that Riverbay did not own the hose in question and did not assign any employee to the task of watering the plants on the day of the accident at the subject building. {See Mayer v New York City Tr. Auth., 39 AD3d 349 [1st Dept 2007] [where this Court held that it would be mere speculation to conclude that the defendant placed an extension cord (the alleged tripping hazard) on a subway platform, especially since the subcontractor defendants had not worked on the platform on the day of the accident or the two days prior].) Notably, Eric Harvey’s affidavit suggesting that the hose belonged to Riverbay was contradicted by his deposition testimony. Pearson’s *851 testimony establishes that Riverbay did not have any actual notice of the hose lying across the walkway. In opposing summary judgment, the plaintiff did not contend that Riverbay had actual notice nor does the majority suggest that there is any issue of fact as to actual notice.
Lastly, in my opinion, no issue of fact exists as to whether Riverbay had constructive notice of the condition. To constitute constructive notice, a hazardous condition “must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant’s employees to discover and remedy it.” (Gordon, 67 NY2d at 837 [emphasis added].)
In Gordon, the Court held that the property owner did not have constructive notice of the hazard created by waxy paper deposited on the owner’s front steps, reasoning that the paper could have been dropped only seconds or minutes before the accident, and that “any other conclusion would be pure speculation.” (Gordon, 67 NY2d at 838.)
Although Eric Harvey estimated that the hose was stretched across the sidewalk for approximately 30 minutes before the accident, at his deposition he conceded he did not know how long it had actually been lying there. As the defendant correctly asserts, the inability of the plaintiff to place any time frame on the existence of the condition is fatal to the issue of constructive notice. (See also Cuddy v Waldbaum, Inc., 230 AD2d 703 [2d Dept 1996] [summary judgment properly granted where the plaintiff slipped on a piece of lettuce and wet paper in defendant’s supermarket and could not establish evidence as to how long the lettuce had been there].)
Even if the plaintiff could show the hose was in its position on the sidewalk for 30 minutes, in my opinion that would be an insufficient length of time to put the defendant on constructive notice of the allegedly hazardous condition. In this case, the defendant’s staff maintains a community of 35 high-rise buildings and seven townhouse clusters spread over 300 acres, and thus the instant case is entirely distinguishable from slip and fall cases occurring in confined spaces such as grocery stores where a hazard would be more readily discoverable.
For the foregoing reasons, I would affirm the order granting summary judgment to the defendant and dismiss the complaint. In view of the absence of the essential elements in this cause of action, I would affirm the court below.