New Way Medical Supply Corp., as Assignee of Sinvil, Gilda, Appellant,
against
State Farm Mutual Automobile Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered May 8, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). In opposition, plaintiff argued, among other things, that the motion should be denied pursuant to CPLR 3212 (f) because plaintiff needed discovery in order to oppose the motion. Plaintiff appeals from an order of the Civil Court which granted defendant's motion.
Contrary to plaintiff's argument on appeal, defendant sufficiently established plaintiff's failure to appear for the two duly scheduled EUOs (see e.g. T & J Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co., 47 Misc 3d 130[A], 2015 NY Slip Op 50406[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Natural Therapy Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 44 Misc 3d 141[A], 2014 NY Slip Op 51310[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Plaintiff's contention that defendant's motion should be denied as premature on the ground that discovery was not yet complete (see CPLR 3212 [f]) lacks merit. " 'A party who claims ignorance of critical facts to defeat a motion for summary judgment (see, CPLR 3212 [f]) must first demonstrate that the ignorance is unavoidable and that reasonable attempts were made to discover the facts which would give rise to a triable issue' " (Sasson v Setina Mfg. Co., Inc., 26 AD3d 487, 488 [2006], quoting Cruz v Otis El. Co., 238 AD2d 540, 540 [1997]). In the instant case, the record reflects that plaintiff first served its discovery demands, if at all, on February 23, [*2]2015, the same date on which plaintiff served its opposition to defendant's motion. As defendant's answer was served on March 21, 2014, plaintiff failed to demonstrate that it made a reasonable attempt during the intervening 11 months to obtain the discovery it alleges that it needs.
Equally devoid of merit is plaintiff's assertion that defendant's motion should have been denied because defendant failed to establish that it possessed a reasonable basis for requesting the EUOs of plaintiff. This court has held on multiple occasions that since the Appellate Division, Second Department, stated that an insurer need only establish "as a matter of law that it twice duly demanded an [EUO] from the [provider] . . ., that the [provider] twice failed to appear, and that the [insurer] issued a timely denial of the claims" (Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]), an insurer "d[oes] not need to set forth the objective reasons for the requested EUOs as part of its prima facie showing of entitlement to judgment as a matter of law" (Barakat Med. Care, P.C. v Nationwide Ins. Co., 49 Misc 3d 147[A], 2015 NY Slip Op 51677[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see also Gentlecare Ambulatory Anesthesia Servs. v Geico Ins. Co., 57 Misc 3d 150[A], 2017 NY Slip Op 51518[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Parisien v Metlife Auto & Home, 54 Misc 3d 143[A], 2017 NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto. Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 12, 2019